## LEWIS FAULKS v. THE PEOPLE.

*Selling liquor to minors—Intent—Justice's jurisdiction.*

Justices of the peace in Michigan have jurisdiction of the offense of selling drink to minors, although the sum of the penalty and costs exceeds $100.

A justice who lives in a village that lies in two townships can be authorized by statute to hold court in criminal cases in that part of the village that lies in the township he does not live in.

A justice represents the State rather than his township; his officers may be any constables of the county as well as the sheriff, and his juries may be summoned from the county at large.

As intent is necessary to crime, it is a good defense to a charge of selling drink to a minor that the dealer had reason to believe and did believe him to be of age.

Error to Eaton. Submitted June 19. Decided June 21.

SELLING LIQUOR TO MINORS.

Attorney General *Otto Kirchner* for the People. Selling liquor to a minor is unlawful regardless of intent. *McCutcheon v. State,* 69 Ill., 601.

*Isaac M. Crane* and *M. V. Montgomery* for respondent. Intent is a necessary element of crime, *Birney v. State,* 8 Ohio, 230; *Miller v. State,* 3 Ohio St., 487; *Aultfather v. State,* 4 Ohio St., 467; *Meikel v. German,* 24 Ind., 78; *State v. Kalb,* 14 Ind., 403; Bish. Stat. Crimes, § 358; 1 Whart. Cr. Law, § 83; 2 id. §§ 2442, 2453.

CAMPBELL, C. J. Respondent was convicted before a justice of selling intoxicating liquor to a minor, and appealed to the circuit court of Eaton county where he was again convicted.

Two preliminary questions of jurisdiction are raised; *first,* whether any justice can try such cases, the fine being allowed to reach $100, and costs being also

allowable; and *second*, whether a justice residing in the village of Eaton Rapids but in the township of Hamlin could lawfully sit and try the case in that part of the village which is in the township of Eaton Rapids. This was expressly authorized by Act 449 of the Local Laws of 1871, vol. 3, p. 195, but it is claimed this statute is invalid.

By section 5525 of Compiled Laws the criminal jurisdiction of justices extends to offenses punishable by fine not exceeding $100, or imprisonment not exceeding three months, or both. In 1861 section 16 was amended (now § 5540) by adding to the provision directing the justice to inflict such punishment "either by fine or imprisonment, or both, as the nature of the case may require" within the limit fixed by law for the punishment of the offense, a clause which says this shall be done "together with such costs of prosecution as the justice of the peace shall order."

It is evident that this amendment was intended to authorize the addition of costs in all cases which by the former section would have come within the jurisdiction, and not to cut off any of that jurisdiction. We think, therefore, that this objection is of no force.

The Constitution vacates the office of a justice who changes his residence, or is by change in boundaries placed beyond his township. Art. 6, § 22. It is quite clear that he is regarded as a local officer for many purposes, and the laws have always gone on that theory.

But we find nothing in the Constitution which requires a justice to do all of his business at his residence or at any fixed office. It is declared by statute that no court shall be held in any bar-room or grocery, or other place where intoxicating liquors are sold. Comp. L. § 5256. But neither Constitution nor statute has ever required a justice to hold courts always at any one place. He holds them in fact sometimes in one place and sometimes in another, according to temporary convenience. And there is nothing in any settled policy of the Consti-

39 MICH.—26.

tution or of our laws heretofore, which would necessarily make it inconsistent with public convenience to allow a court to be held outside of the township. The statute of 1871 does not authorize a justice to reside or to do general business, but only to hold courts in any part of the village—all of which must be almost as near the line as is required to permit an election of counties in trying offenses committed near a boundary.

In exercising his judicial powers a justice represents the State rather than the township, and his officers may be any constable of the county as well as the sheriff, and his juries may be summoned from the county at large. This being so, we can see no reason why the act of 1871 is not valid. It has been held in New York that there is no necessary disability in justices to hold criminal courts beyond their townships (*Gurnsey v. Lovell*, 9 Wend., 319; *Schroepel v. Taylor*, 10 Wend., 196) and we conceive the matter is left with the legislature.

The court held that it was no defense to a charge of selling intoxicating liquor to a minor that the seller had reason to believe and did believe him to be of age. This we think was clearly wrong. It cannot be assumed that the Legislature would attempt such a wrong as to punish as criminal an act which involved no criminal intent. There can be no crime where there is no criminal mind. This principle is as old as the criminal law, and underlies the whole of it. *Pond v. People*, 8 Mich., 150.

The judgment must be reversed and a new trial granted.

The other Justices concurred.