THE PEOPLE v. SYLVESTER PARKS.

*Liquor law—Sale by clerk to habitual drunkards.*

49 333
120 313
120 317

A liquor dealer cannot be held criminally responsible for the sale of liquor by his clerk, and without his knowledge or concurrence, to habitual drunkards.

Exceptions before judgment from Berrien. Submitted October 19. Decided October 20.

INFORMATION under Act 259 of 1881 for selling liquor to drunken persons. Respondent was convicted below. Conviction set aside.

Attorney General *Jacob J. Van Riper* for the People.

*N. A. Hamilton* for respondent.

CAMPBELL, J. Respondent was convicted under the statute of 1881, making it a misdemeanor to sell intoxicating liquor to persons who are in the habit of becoming intoxicated. The sale was not made by respondent, but by a clerk. The court below held that the respondent was responsible for the knowledge of his clerk, as well as if he had known the condition of the vendee himself.

The statute in question prohibits sales by means of clerks as well as in person. Laws 1881, p. 355, § 12. And a subsequent section (13) makes violations of the statute misdemeanors, and punishable as such. But it would be an unjust and inadmissible interpretation to construe such a provision as covering anything but an act in which the will of the respondent concurred in the sale. It it contrary to every rule of law to hold a person criminally responsible for an act in which he has taken no part. He can only be punished for what is his own wrong. Section 2 clearly implies the necessity of criminal intent as an element of the offense, and lays down certain rules of presumption involving per-

sonal knowledge of the act done. It makes the act of sale to an improper person presumptive evidence of such intent to violate the law. The case comes within the decision in *Faulks.v. People* 39 Mich. 200.. It cannot be permissible to give any other construction, which would violate the elementary rules of criminal responsibility.

Whatever civil liability may arise from the acts of a clerk, the criminal responsibility must fall on the actual wrongdoers, who have done or been connected with the violation of the law by some fault of their own.

The conviction should be set aside and the case dismissed.

The other Justices concurred.