## The People v. Junius W. Roby.

*Saloons must be kept closed on Sunday.*

How. St. § 2274 requires all saloons to be closed on Sunday, and any person who violates this requirement is liable to punishment as for a misdemeanor. Id. § 2275. *Held* that under these sections a saloon-keeper was properly convicted whose clerk, without his knowledge or consent, but while he was on the premises, had opened the saloon on Sunday morning to have it cleaned out and had meanwhile sold a drink to a casual customer who insisted on having it.

Exceptions before judgment from Allegan.   (Arnold, J.) Jan. 30.—Feb. 6.

Complaint for keeping saloon open on Sunday.   Conviction affirmed.

52 Mich.—37

| | |
|---|---|
| 52 | 577 |
| 52 | 568 |
| 52 | 569 |
| 56 | 520 |
| 59 | 558 |
| 52 | 577 |
| 71 | 552 |
| 52 | 577 |
| 93 | 137 |
| 52 | 577 |
| 106 | 624 |
| 52 | 577 |
| 112 | 316 |
| 113 | 89 |
| 52 | 577 |
| 120 | 312 |
| 120 | 316 |
| 120 | 317 |
| 52 | 577 |
| s18NW | 365 |
| s50AR | 270 |
| e129 | 2 |
| 129 | 3 |
| 52 | 577 |
| f136 | 84 |
| f136 | 305 |
| 52 | 577 |
| 137 | 304 |
| 52 | 577 |
| 138 | 622 |
| 138 | 623 |
| 52 | 577 |
| 143 | 305 |

Attorney General *Jacob J. Van Riper* for the People.

*Jacob V. Rogers* for respondent appellant.

COOLEY, C. J.   The respondent who is keeper of a hotel in the village of Plainwell, in which there is a bar for the sale of spirituous and malt liquors, was prosecuted and convicted for not keeping his bar closed on Sunday, May 6, 1883.   The evidence was that on the morning of that day the clerk of the hotel was in the bar-room and had a servant with him scrubbing it out when a person came in from the street.   He appeared to be known to the clerk, who told him he did not want him there Sundays.   The man said he wanted some whisky.   The clerk told him he must get his whisky Saturday night.   After some more words between them the clerk told him if he was going to get the whisky to get it and get out as soon as he could.   He got the whisky, handed pay for it to the servant, and went off. The respondent was not at the time present.   The clerk testifies that he was somewhere about the house, but he thought he was not up yet; the servant says he was about there shortly afterwards.   There was no evidence in the case to show that respondent assented to the opening of the bar on that day, or expected or desired that it should be opened ; neither was there any evidence to the contrary. He was not a witness on his own behalf.

The case comes to this Court on writ of error, and the only question of importance is whether there was any evidence to be submitted to the jury.

The statute under which the conviction was had provides that " all saloons, restaurants, bars, in taverns or elsewhere, and all other places where any of the liquors," etc. " may be sold, or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called Sunday," etc.   How. St. § 2274; Public Acts, 1881, p. 350.

It will be observed that the requirement that the saloons and other places mentioned shall be closed is positive.   The

next section of the statute provides that any person who shall violate this, among other provisions, shall be deemed guilty of a misdemeanor, and shall be punished as therein prescribed. In terms, then, the penalties of the statute are denounced against the person whose saloon or other place for the sale of intoxicating drinks is not kept closed, and no other fact is necessary to complete the offense.

It is contended, nevertheless, that to constitute an offense under the section referred to, there must be some evidence tending to show an intent on the part of the respondent to violate it; and *People v. Parks* 49 Mich. 333, which was a prosecution under another section of the same statute, is cited as authority. It should be said of that case that the facts are not fully given in the report, and that there was positive evidence in the case to negative the intent in the respondent that the criminal act should be committed. But the case is plainly distinguishable from this. The section under which Parks was prosecuted makes not only the proprietor, but his clerks, agents, etc., individually liable for the conduct prohibited, and imposes upon them severally the duty to abstain from it. The section under which Roby is prosecuted makes the crime consist, not in the affirmative act of any person, but in the negative conduct of failing to keep the saloon, etc., closed.

I agree that as a rule there can be no crime without a criminal intent; but this is not by any means a universal rule. One may be guilty of the high crime of manslaughter when his only fault is gross negligence; and there are many other cases where mere neglect may be highly criminal. Many statutes which are in the nature of police regulations, as this is, impose criminal penalties irrespective of any intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible. Thus, in Massachusetts a person may be convicted of the crime of selling intoxicating liquor as a beverage, though he did not know it to be intoxicating; *Commonwealth v. Boynton* 2 Allen 160; and of the offense of selling adulterated milk, though he was

ignorant of its being adulterated. *Commonwealth v. Farren* 9 Allen 489; *Commonwealth v. Holbrook* 10 Allen 200; *Commonwealth v. Waite* 11 Allen 264; *Commonwealth v. Smith* 103 Mass. 444. See *State v. Smith* 10 R. I. 258. In Missouri a magistrate may be liable to the penalty for performing the marriage ceremony for minors without consent of parents or guardians, though he may suppose them to be of the proper age. *Beckham v. Nacke* 56 Mo. 546. Where the killing and sale of a calf under a specified age is prohibited, there may be a conviction though the party was ignorant of the animal's age. *Commonwealth v. Raymond* 97 Mass. 567. See *The King v. Dixon* 3 M. & S. 11. In *State v. Steamboat Co.* 13 Md. 181, a common carrier was held liable to a statutory penalty for transporting a slave on its steamboat, though the persons in charge of its business had no knowledge of the fact. A case determined on the same principle is *Queen v. Bishop* 5 Q. B. Div. 259. If one's business is the sale of liquors, a sale made by his agent in violation of law is prima facie by his authority; *Commonwealth v. Nichols* 10 Met. 259; and in Illinois the principal is held liable, though the sale by his agent was in violation of instructions. *Noecker v. People* 91 Ill. 494. In Connecticut it has been held no defense in a prosecution for selling intoxicating liquor to a common drunkard that the seller did not know him to be such. *Barnes v. State* 19 Conn. 398. It was held in *Faulks v. People* 39 Mich. 200, under a former statute, that one should not be convicted of the offense of selling liquors to a minor who had reason to believe and did believe he was of age; but I doubt if we ought so to hold under the statute of 1881, the purpose of which very plainly is, as I think, to compel every person who engages in the sale of intoxicating drinks to keep within the statute at his peril. There are many cases in which it has been held under similar statutes that it was no defense that the seller did not know or suppose the purchaser to be a minor; *State v. Hartfiel* 24 Wis. 60; *McCutcheon v. People* 69 Ill. 601; *Farmer v. People* 77 Ill. 322; *Ulrich v.*

*Commonwealth* 6 Bush 400; *State v. Cain* 9 W. Va. 559; *Commonwealth v. Emmons* 98 Mass. 6; *Redmond v. State* 36 Ark. 58; and in *Commonwealth v. Finnegan* 124 Mass. 324, the seller was held liable, though the minor had deceived him by falsely pretending he was sent for the liquor by another person. So a person has been held liable to a penalty for keeping naptha for sale under an assumed name, without guilty knowledge; the statute not making such knowledge an ingredient of the offense. *Commonwealth v. Wentworth* 118 Mass. 441. Other cases might be cited, and there is nothing anomalous in these. A person may be criminally liable for adultery with a woman he did not know to be married: *Fox v. State* 3 Tex. App. 329; or for the carnal knowledge of a female under ten years of age though he believed her to be older. *Queen v. Prince* L. R. 2 Cr. Cas. 154; *State v. Newton* 44 Ia. 45. And other similar cases might be instanced.

If intent were necessary to be found I should be of opinion there was enough in the case to warrant its submission to the jury. The bar was opened on Sunday by respondent's servants and on his business while he was about the premises. The purpose for which it was opened was immaterial; the offense was committed by opening it for cleaning as much as it would have been by opening it for the sale of liquors. *People v. Waldvogel* 49 Mich. 337. But the statute requires the proprietor at his peril to keep the bar closed. The purpose in doing so is that persons shall not be there within the reach of temptation. This respondent did not keep his bar closed and he has therefore disobeyed the law. And he has not only disobeyed the law, but the evil which the law intends to guard against has resulted; that is to say, there has been, either with or without his assent,—it is immaterial which,—a sale of intoxicating liquors to a person who took advantage of the bar being open to enter it.

I think the circuit court should proceed to judgment.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, J.   In this case the charge of the judge was properly guarded as to the necessity of showing complicity of respondent in the act charged against him, and as to the presumption of his innocence.   But in my opinion the rules he laid down were inconsistent with the sufficiency of the facts to sustain a conviction.   I think this conviction can only be maintained on the principle t^at an agent appointed for a confessedly legal purpose i̲ ..esumed to be authorized to act illegally.   I can see no ᵢeason why such presumption should be lawful in one case and not in another.   In all crimes the presumption of innocence must be the same.   The charge here is distinctly criminal, and while the offense is one of importance to the public order, I think that the decisions which set up exceptional rules of evidence to prove it are of dangerous tendency and would not be safe precedents.