## W. P. QUIN v. THE STATE.

CRIMINAL LAW. *Use of abusive language. Place. Section 2770, Code of 1880. Case in judgment*

Section 2770 of the Code of 1880 declares that, "Any person who enters the dwelling-house of another, or the yard or curtilage thereof, or upon the public highway or any other place near such premises, and in the presence or hearing of the family of the possessor or occupant thereof, or of any female, makes use of abusive, profane, vulgar or indecent language, shall be punished for a misdemeanor." An indictment under this statute, charging the use of abusive and profane language in a "yard," is not sustained by proof of the use of such language *near the yard*. The *place* of the offence is material in indictment and proof.

APPEAL from the Circuit Court of Pike County.

HON. J. B. CHRISMAN, Judge.

W. P. Quin was indicted upon the charge that he, "on the 9th day of January, 1888, in the county aforesaid, unlawfully, did enter the yard of Bob Jones, and, did then and there unlaw-

fully, in the presence, and in the hearing, of the family of the said Bob Jones (he, the said Bob Jones, and family then and there being the occupants and owner of said yard and dwelling house therein situated), unlawfully make use of abusive, profane and vulgar language." The indictment also set out *verbatim* the obnoxious language which it was averred the accused had used. It was proven at the trial that the defendant had used such abusive, profane and vulgar language as was charged against him in the indictment; but it was not shown that the same was uttered in the yard of Bob Jones, the evidence tending rather to establish the fact that the defendant was outside of, but near the yard when the language in question was spoken.

The defendant was convicted, and, from the judgment against him, appealed to this court.

*W. P. Cassedy*, for the appellant.

The motion for a new trial should have been granted. The verdict was contrary to law and the evidence. It is the duty of the State to make out the case beyond all reasonable doubt. Now, if the evidence under this indictment failed to show that the language charged was used inside of the yard, then that the defendant should be acquitted, is a proposition that is not to be disputed under this indictment. And the evidence does not show or tend to show that the language was used in the yard.

*T. M. Miller*, Attorney General, for the State.

The essence of the charge against the appellant is the use of abusive, profane, and vulgar and indecent language; and while it is true under the decisions of this court that the language complained of must be stated, in order to apprise the defendant of the nature and cause of the accusation against him, it is submitted there is no material variance between the allegations and proof in this case. An essential part of the language charged is proved to have been used; the offence was substantially made out and I insist that the judgment ought not to be disturbed.

COOPER, J., dilivered the opinion of the Court.

If the indictment had charged the abusive language used by the appellant to have been uttered near the premises of Mr. Jones, the conviction might be sustained. But the averment is

that the words were used in the yard, and the evidence fails to sustain the averment as to place. The statute creating the offence makes place material, for it can be committed only where one " enters the dwelling-house of another, or the yard or curtilage thereof, or upon the public highway or any other place near such premises, etc." Place is thus made an essential element of the offence, and must be charged in the indictment, and being charged must be proved as laid.

Bishop on Crim. Prac., vol. 1, Sect. 372.

*Judgment reversed and new trial awarded.*