RAILWAY COMPANY *v.* RYAN.

Opinion delivered May 21, 1892.

1. *Principal and agent—Penalty.*

Where a railway ticket agent, contrary to orders, made an excessive charge of passenger fare, his act is within the scope of his authority, and the company is liable for the statutory penalty.

2. *Constitutional law—Railway passenger rates.*

The act of April 4, 1887, regulating the rates of charges for the carriage of passengers by railroads, is constitutional.
*Railway Company* v. *Gill*, 54 Ark. 101, followed.

Appeal from Crawford Circuit Court.

HUGH F. THOMASON, Judge.

This is an action by William Ryan against the St. Louis & San Francisco Railway Co., to recover the penalty prescribed by the act of April 4, 1887, for an overcharge in a passenger fare. The answer set up substantially the same defenses made in *Railway Company* v. *Gill*, in 54 Ark. 101. The evidence showed that the overcharge was made by defendant's ticket agent, contrary to defendant's express orders. The cause was tried by the court sitting as a jury, and the following findings of fact and declaration of law were made, viz.:

" The court finds that said Wm. Ryan, on October 11th, 1887, applied to J. W. Riley, the regular agent of defendant, at Lilly Station, for a ticket to Mountainberg, a distance of twelve miles ; that the agent, Riley, furnished him the ticket, and charged and received therefor sixty cents, which is in excess of the amount allowed by law, and that plaintiff did not carry more baggage than he is allowed by law to carry free of charge upon a first-class ticket. The court also finds that defendant is a corporation doing business under the laws of Arkan-

sas, and that its road is more than seventy-five miles in length.

" The court declares the law to be that where the agent acts within the scope of his authority, his principal is bound, although the principal may not have authorized the agent to so act, and that the agent is responsible to his employer for any violation of instructions given him, whether the same be general or special."

Judgment was rendered for plaintiff in the sum of $50, and a further sum of $10 was taxed as an attorney's fee.  Defendant has appealed.

*E. D. Kenna* and *Adiel Sherwood*, with *B. R. Davidson*, for appellant.

1.  It was error to refuse to allow appellant to show that three cents a mile was an unjust and unreasonable rate.  Const. U. S. 5th Amdt. ; *ib.* 14th Amdt. ; 134 U. S. 418, 467, 482 ; 116 *id.* 331.

2.  The act is unconstitutional and void.  Cases *supra.*

3.  Riley was a special agent—a mere station agent ; he had no authority to demand excessive fares, and his unauthorized acts do not bind the company.  11 East, 43 ; 10 Met. 259 ; 4 Gray, 16 ; 49 Mich. 333 ; 55 N. Y. 93 ; 1 Moody & Mal. 433 ; 2 Cromp. & Jer. 494 ; 6 Fed. Rep. 175 ; 70 Mo. 632 ; 9 Pet. 607, 627-8-9.  The acts of Riley were outside of the line of his employment.  130 U. S. 416 ; 10 C. B. 665 ; 70 Mo. 672 ; 20 Mo. App. 632 ; 2 Exch. L. R. 267 ; 9 Fed. Rep. 139.

HEMINGWAY, J.  It is conceded that Riley was the agent of the railway company duly authorized to sell the ticket which Ryan claims to have bought, and to charge for it lawful fare.  But the company insists : (1) that no ticket was in fact sold ; and (2) that if it was sold, the charge of excessive fare was unauthorized, and was therefore the individual act of Riley and not the act of the company.

Upon the first point there is proof sufficient in law to warrant a finding against the company, and we can not disturb the verdict unless it appears that the act was that of Riley for which the company was not chargeable.

Riley was employed for the express purpose of selling tickets and collecting fare for the company; and in making the sale to Ryan he was doing that part of the company's business that he was put there to transact. The penal act was no departure from the company's business, or doing an independent wrong for the personal ends of Riley; it consisted alone in the improper manner in which he transacted the company's business expressly committed to him. As we understand the law, the master is liable for the penal acts of his agent, done within the scope of his authority and in executing the master's business. Mechem on Agency, sec. 745; Story, Ag. sec. 308; *George* v. *Gobey*, 128 Mass. 289; *Wallace* v. *Merrimack, etc., Co.* 134 Mass. 95; *Peterson* v. *Knoble*, 35 Wis. 85; *Kreiter* v. *Nichols*, 28 Mich. 496; *Isaacs* v. *Railroad Co.* 47 N. Y. 122; *Mott* v. *Consumers' Ice Co.* 73 N. Y. 543.

1. Liability of principal for acts of agent.

It follows therefore that the company is liable in this case.

The appellant cites many cases in which it was held that acts complained of were the individual acts of the servant, for which the master was not chargeable. We have carefully examined them, and in their light reached the conclusion announced. Some of them are criminal cases, in which a different rule for determining the master's liability obtains. *Com.* v. *Nichols*, 10 Met. 259; *People* v. *Parks*, 49 Mich. 333. Others are cases where the complaint was based upon acts not authorized, and not, as in this case, upon the unauthorized manner of doing the thing enjoined. *Grover & Baker*

*Co.* v. *Railway Co.* 70 Mo. 672; *Freidlander* v. *Railway Co.* 130 U. S. 416.

2. Power of legislature to regulate passenger rates.

As to the constitutionality of the act we need only refer to the case of *Railway Co.* v. *Gill,* 54 Ark. 101. The case of the *Chicago, etc., Railway Co.* v. *Minnesota,* 134 U. S. 418, is much relied upon by the appellant. Whether it is at all in point, or whether this case is ruled entirely by the case *Budd* v. *People,* 143 U. S. 517, we are not called to determine. For although the act in force when the appellant company was formed permitted a higher charge than the maximum prescribed by the act assailed, the Constitution then in force provided that such acts might be altered, revoked or annulled, by the legislature, subject only to a condition that no injustice should be done to the corporators. The appellant organized subject to the State's reserved right to alter, revoke or annul the act relative to such charges, and impliedly agreed to its exercise. When the right was exercised, the legislature proceeded in accordance with that agreement, and therefore infringed no constitutional right, unless the charge worked an injustice to the corporators of defendant. The answer in this case is substantially the same as that in Gill's case, and for the reason there stated we hold that it does not make a case of such injustice as makes the act unconstitutional.

Affirmed.