THE CITY OF GRAND RAPIDS v. CHARLES BATEMAN.

*Criminal law—Intent—Right to trial without jury—Municipal ordinances—Indecent exposure.*

1. It is within the police power of a city to make it an offense to indecently expose the person, without reference to the *intent* which accompanies the act.

2. An ordinance which provides that "no person shall make any indecent exposure of his or her person in the streets, lanes,

93  135
94  438
93  135
112  249

93  135
s53NW   6
129   1   2
129  ³637
93  135
138  ¹622
138  623

alleys, or elsewhere in the city," does not cover an exposure purely accidental.

3. It is not error to direct that a respondent, charged with a violation of an ordinance against the indecent exposure of the person, be tried by jury, notwithstanding he is willing to submit the question of fact to the presiding judge; there being no statute giving him the right of being tried in either way, as he may prefer, and the court having the statutory power to order a jury.[1]

Exceptions before judgment from superior court of Grand Rapids. (Burlingame, J.) Submitted on briefs May 5, 1892. Decided October 4, 1892.

Respondent was convicted of the violation of a city ordinance against the indecent exposure of the person. Conviction affirmed, and record remanded. The facts are stated in the opinion.

*Nathan P. Allen,* for respondent.

*William Wisner Taylor,* for the city.

MONTGOMERY, J. The defendant was convicted in the police court of Grand Rapids, and upon appeal in the superior court, of indecent exposure of his person. He appeals to this Court from the conviction of the superior court, and contends:

1. That the complaint made against him stated no offense known to the law.

2. That the court erred in trying the case with a jury, the defendant having waived a jury.

1. The complaint against the respondent was for the violation of an ordinance of the city of Grand Rapids, entitled, "An ordinance relative to the preservation of the public peace and good order in the city of Grand Rapids," sec-

---

[1] In *People v. Steele,* decided December 24, 1892, and reported in 54 N. W. Rep. 171, it is held that a respondent charged with an offense triable in justice's court has the right to waive a jury, and that it is error to refuse him a trial before the court when demanded by him.

tion 4 of which provides that "no person shall make any indecent exposure of his or her person in the streets, lanes, alleys, or elsewhere in said city."

The criticism which is made upon the complaint is that it does not allege that the indecent exposure, which is sufficiently set out in the complaint, was intentionally or designedly made. But, in this respect, the complaint follows the ordinance of the city, so that the cases cited by counsel as to the necessity of such an averment in a prosecution for indecent exposure of the person, at the common law or under the statute making intent an ingredient of the offense, are not in point. The precise question more properly is whether it is within the police power of the city to make it an offense to indecently expose the person, without reference to the intent which accompanies the act. The general rule undoubtedly is that intent is an ingredient of every offense, but this is not universally true. On the contrary, there are many statutes and ordinances which impose upon the public the duty to do, or refrain from doing, particular acts at their peril. In *People v. Roby*, 52 Mich. 577, a statute of this State, which requires that all saloons, etc., shall be closed on the first day of the week, was held to impose the positive duty upon the proprietor to see to it at his peril that such a place of business was closed on the first day of the week. Under a statute of Massachusetts which provides that whoever kills or causes to be killed, for the purpose of sale, any calf less than four weeks old, shall be punished, etc., it was held that it was not necessary to allege in the indictment, under the statute, that the defendant knew that the calf was less than four weeks old. *Com. v. Raymond,* 97 Mass. 567, So in *Com. v. Wentworth*, 118 Mass. 441, it was held that, under a statute which imposes a penalty upon any person who shall sell or keep or offer for sale naphtha under any assumed name, it was unnecessary to

show that the sale was made with any guilty intent. See the numerous cases cited in *People v. Roby, supra,* where it was said that—

" Many statutes which are in the nature of police regulations, impose criminal penalties irrespective of any intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible."

We think that the ordinance in question falls within this class, and that it is a legitimate exercise of the police power to prescribe that no person shall make any indecent exposure of his or her person in the streets, lanes, alleys, or elsewhere in the city, and to provide a penalty for the violation thereof. An exposure of the person purely accidental is not covered by the ordinance. The terms employed in both the ordinance and complaint imply an affirmative voluntary act on the part of the accused.

2. The objection that the superior court directed the case to be tried by a jury, notwithstanding that the respondent was willing to submit the question of fact to the judge, is without merit. The jury is a component part of the court, and it is provided by statute (How. Stat. § 6485) that in all actions of tort, and in all other actions where the subject-matters are, in the opinion of the court, peculiarly proper for the consideration of the jury, it shall be competent for the court to order the cause to be tried by a jury. The Constitution (article 6, § 28) provides that in every criminal prosecution the accused shall have the right to a speedy and public trial by an impartial jury; and while it has been held that this right may be waived by the accused if he sees fit (*Ward v. People,* 30 Mich. 116), there is no constitutional or statutory right of the accused which requires the court to dispense with the aid of a jury in the trial of questions of fact.

The conviction should be sustained, and the record remanded.

The other Justices concurred.