CITY OF GRAND RAPIDS *v.* WILLIAMS.

112  247
s 118  694

112    247
s70NW  547
s67ASR  396
e133  1  60

1. DISORDERLY CONDUCT—SUFFICIENCY OF COMPLAINT.

   A complaint alleging that the respondent was guilty of indecent, insulting, and immoral conduct, by peeking into the windows of an occupied house, which was not his residence, sufficiently charges a violation of an ordinance against "indecent, insulting, or immoral conduct."

2. SAME—INTENT.

   An improper or unlawful purpose is not an essential element of the offense charged.

3. SAME—ALLEGATION OF PLACE.

   The place of the offense is sufficiently designated as "a house on the corner" of two specified streets within the city.

4. SAME—EVIDENCE.

   Testimony of persons who saw respondent at the time of the alleged offense, that, about 45 minutes later, they attempted to detain him, and that he broke away and escaped, is competent for the purpose of identification.

5. SAME.

   Evidence that, at a late hour, the respondent left the public sidewalk, proceeded to a lighted residence some six feet distant, and looked into a window, the shade to which was raised from six to twelve inches, is sufficient to establish the offense.

Exceptions before judgment from superior court of Grand Rapids; Burlingame, J. Submitted January 15, 1897. Decided March 29, 1897.

George Williams was convicted of violating an ordinance relative to disorderly persons. Affirmed.

*Birney Hoyt*, for appellant.

*Henry J. Felker* and *Harvey Joslin*, for appellee.

MOORE, J. The respondent was convicted of a violation of section 1 of an ordinance of the city of Grand

Rapids, entitled "An ordinance relative to disorderly persons," which reads: "All persons who * * * shall be engaged in any illegal or improper diversion, or shall use any indecent, insulting, or immoral language, or shall be guilty of any indecent, insulting, or immoral conduct or behavior, in any public street or elsewhere in said city, * * * shall be deemed to be disorderly persons, and, upon conviction thereof, shall be punished," etc.

The complaint, omitting the parts purely formal, reads as follows:

"On the 8th day of September, 1895, at the city of Grand Rapids aforesaid, and within the corporate limits of said city, one George Williams was then and there guilty of indecent, insulting, and immoral conduct and behavior, by peeking in the windows of a house on the corner of Wenham avenue and Lagrave street, said house being then and there occupied by persons living therein, and not being the residence of said Williams, and was then and there found in a state of intoxication, to the evil example of all others in like case offending, contrary to the provisions of section 1 of an ordinance of said city, entitled 'An ordinance relative to disorderly persons.'"

Objection was made to the admission of any testimony, because the complaint does not state an offense—*First*, because looking into a house where persons reside is not immoral, insulting, or indecent; *second*, because no improper or unlawful purpose is alleged; *third*, because the complaint does not set forth any circumstances from which it would appear that the alleged act was immoral, insulting, or indecent; *fourth*, because it does not allege that any person was in the house; and, *fifth*, because the complaint does not describe the place of the alleged offense.

The testimony disclosed that in the night, between half past 10 and 12 o'clock, respondent was seen to leave the sidewalk, and go to the bay window of a residence, about six feet from the walk; and, when within about six inches of the window, he leaned over, with his arm on

the window sill, and, putting his right hand above his eyes, looked into the window, and remained in that position about two minutes. The room was lighted. The window shade was six to twelve inches above the window sill. The room was occupied by several persons, some of whom were women, and all were dressed decorously. The respondent did not live at the residence where this occurred, and, so far as the record discloses, he had no business to call him there. Two witnesses, who saw the respondent while at the window, were allowed, over the objection of the respondent, to testify that half or three quarters of an hour later they attempted to take hold of the accused and detain him, when he jerked away from them, and jumped over a high board fence, and escaped.

After the testimony was closed, the respondent asked the judge to direct a verdict in his favor. This request was refused, and, after calling the attention of the jury to the provisions of the ordinance and the contents of the complaint, the court charged them:

"It is no offense for a person walking along on the sidewalk, and without trespassing upon the premises of another, to look through an uncurtained window or a window partially covered with a curtain. But if a person steps off the sidewalk, not at the usual approaches or walks to a house, and for no legitimate purpose, and without the consent and against the will of the owner, in such case he may be a trespasser and wrongdoer; and if, after so trespassing, he proceeds to a window with a curtain raised from five to twelve inches, and leans upon the window sill, and with no legitimate purpose in so doing, such peeking in at such window so shaded by curtains at 11 or 12 o'clock at night may, in law, be said to be peeking into the window, although he is not looking through a small crack; and in this case I will leave it to you to say whether the respondent was peeking into such window or not."

Other features of the case were discussed, and the jury returned a verdict of guilty.

The second objection to the complaint is decided against the position of the respondent by the case of *City of Grand Rapids* v. *Bateman,* 93 Mich. 135.

The objection that the complaint does not sufficiently designate the place of the alleged offense is not well taken. *Quin* v. *State*, 65 Miss. 479.

The question involved is, did the complaint state an offense punishable by the ordinance? We cannot conceive of any conduct much more indecent and insulting than for a stranger to be peeking into the windows of an occupied, lighted residence, and especially at the hours of night when people usually retire. The judge was not in error in holding that the complaint stated an offense.

The testimony admitted as to what occurred between the respondent and the parties who were watching him was entirely competent for the purpose of identifying him.

The verdict of the jury was justified by the evidence.

Judgment is affirmed.

The other Justices concurred.