PEOPLE *v.* LONGWELL.

INTOXICATING LIQUORS—VIOLATION OF LOCAL OPTION LAW—IL-
LEGAL SALE BY DRUGGIST—RESPONSIBILITY FOR ACT OF CLERK.

Under section 16 of the local option law (3 How. Stat. § 2283*b*5), providing for the punishment of "any person who himself, or by his clerk, agent, or, employé," shall make sales of liquor in any county in which the law is in force, unless such sales are made by a druggist or registered pharmacist in compliance with the restrictions imposed by the general law, it is no defense to the prosecution of a druggist for selling to an intoxicated person, in violation of section 3 of the general law (3 How. Stat. § 2283*c*6), that the sale was made by a clerk in respondent's absence, and contrary to his express instructions.[1] LONG, J., dissenting.

[1] As to one's criminal liability for the act of his servant, partner, or agent in the sale of liquors, see note to *Williams* v. *Hendricks*, (Ala.) 41 L. R. A. 650.

Exceptions before judgment from Van Buren; Buck, J. Submitted February 10, 1899.    Decided June 5, 1899.

E. B. Longwell was convicted of violating the local option law.    Affirmed.

*A. Lynn Free* and *Alfred J. Mills*, for appellant.

*James E. Chandler*, Prosecuting Attorney, for the people.

GRANT, C. J.    The respondent, a druggist, was convicted of selling liquor contrary to Act No. 207, Pub. Acts 1889.    His defense was that the sale was made by his clerk, contrary to his general instructions.    Should this defense have been submitted to the jury?    We think not.    The statute provides that "any person who himself, or by his clerk, agent, or employé, shall violate any of the provisions," etc.    It is conceded, in statutory crimes of this character, that the legislature may do away with the intent as an ingredient of the offense, and make the act itself criminal, whether it is done by himself or by his clerk, agent, or employé.    Chief Justice COOLEY, in *People v. Roby*, 52 Mich. 577 (50 Am. Rep. 270), clearly draws the distinction between those cases where intent is a necessary ingredient of the crime and where it is not, and has cited numerous authorities.    The first inquiry, then, is, What does the statute mean?    It is not a case for interpretation.    The language is unequivocal, and makes the druggist liable for any violation of the law by his clerk, agent, or employé.    It is pertinent to examine some prior decisions of this court which are relied upon.

The first is *Faulks v. People*, 39 Mich. 200 (33 Am. Rep. 374).    That opinion does not cite the statute under which the conviction was had.    An examination of the record of the case shows that it was Act No. 193, Pub. Acts 1877.    That act does not contain the words, "or by his clerk, agent, or employé."    It is limited to the person actually making the sale.

In *People* v. *Parks,* 49 Mich. 333, respondent was convicted under section 12 of Act No. 259 of the Public Acts of 1881, which reads as follows: "All persons engaged in the business of selling or keeping for sale any of the liquors mentioned in sections 1 and 2 of this act, whether as owner, or as clerk, agent, or servant, shall be equally liable as principals for any violation of any of the provisions of this act." By reference to section 2 of the same act it will appear that "the fact of selling, giving, or furnishing any of said liquors to any minor or to any intoxicated person * * * shall be a *prima facie* presumption of an intent on the part of the person so selling, giving, or furnishing such liquor to violate the law." Two things are apparent under this act: (1) That it contains no language making the owner responsible criminally for the act of his clerk, agent, or servant, and (2) that, while the intent was an ingredient of the offense, that intent was to be presumed from the act of selling, etc., and cast the *onus probandi* upon the liquor seller to show the absence of intent.

In *People* v. *Metzger,* 95 Mich. 121, the point was not involved. What was said, therefore, is *dicta.* An examination, however, of section 13, Act No. 313, Pub. Acts 1887, under which the respondent was convicted, will show that the language is substantially the same as the act of 1881, and makes the act itself *prima facie* evidence of the intent. Section 24 provides that "any person or principal shall be liable for the acts of his clerk, servant, agent, or employé for any violation of the provisions of this act." Where an act contains provisions apparently in conflict, courts will construe them, if possible, so that both shall stand. It would undoubtedly, therefore, be properly held that section 24 did not take away the defense of want of intent, but left a respondent to show such want of intent on his part. It is manifest, therefore, that both the acts of 1881 and 1887 make an intentional participation an ingredient of the offense. They only shift the burden of proof.

Black cites the statutes of several States containing provisions like the one under which respondent was convicted, and states:

"It is held to be no defense to an indictment against the principal that the unlawful act was done without his knowledge or consent, or without his authority, or in his absence, or even that it was done in contravention of his express and *bona fide* orders." Black, Intox. Liq. § 370, and authorities there cited.

Black closes the section with the following language:

"The object of these statutory provisions, in effect, is to require the principal to see to it, at his peril, that no unlawful sales are made in his establishment. And, if it savors of severity to subject him to punishment for the acts of others which he had expressly forbidden, it must be remembered that he can escape liability by selecting servants and agents who will keep within the law, and obey his orders, or by abandoning a business which exposes him to such hazards."

The statute in unequivocal language makes the druggist responsible for the acts of his clerk in making these illegal sales. It is as easy for liquor dealers to employ clerks and agents who will carry out their instructions not to make prohibited sales as it is to employ those who will obey their instructions not to open their places of business contrary to law.

The conviction is affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred with GRANT, C. J.

LONG, J. (*dissenting*). Respondent was indicted by a grand jury in Van Buren county, charged with having, on the 3d day of December, 1897, as a druggist and registered pharmacist, sold and delivered to John Price, who was intoxicated at the time, eight ounces of alcohol, contrary to the provisions of the local option law in force in that county. The indictment charges that the sale was made by the respondent personally. On the trial the people

introduced testimony which, it is conceded, established
that the local option law was in force in that county at
the time of the alleged sale, and that respondent was a
druggist, and had filed his bond as such, at that time.
The testimony also tended to show that the sale was made
by a clerk of the respondent, and not by the respondent
himself; and that Price was intoxicated at the time.
Respondent introduced testimony which tended to show
that he (respondent) had warned and instructed his clerks,
including the one who had sold the alcohol to Price, not to
sell to prohibited persons, during prohibited hours, or in
violation of law, or otherwise than as a druggist legally
might, and to obey strictly all the provisions of the law;
and that he (respondent) was not present at the time when
the sale was made to Price. At the close of the testimony,
the court was asked to instruct the jury:

"1. If a clerk or agent, without the knowledge and
against the instructions of his employer, sells intoxicat-
ing liquor to a person who is intoxicated at the time of
the sale, the employer is not criminally responsible for the
act; and although you should find from the evidence that
the said John Price was intoxicated at the time of said
sale, yet if you find that the respondent did not make the
sale, but that it was made by the respondent's clerk or
clerks, and without the knowledge and against the instruc-
tions of the respondent, then the respondent is not crimi-
nally liable, and you should acquit him.

"2. If you are satisfied from the evidence that the re-
spondent instructed his clerks to carefully observe the
local option law, and particularly not to sell liquor to a
person intoxicated or under the influence of liquor, and
that, on the evening of December 3d last, some clerk or
clerks in his employ sold liquor, namely, alcohol, to John
Price, without the knowledge or consent of the respond-
ent, and against his express orders, then the respondent
cannot be convicted."

The court refused these requests, and directed the jury,
substantially, that if they found that the clerk made the
sale to Price while he was intoxicated, and intoxicated to
such an extent that the sale should not have been made,

then the employer would be liable for the act of his clerk, notwithstanding the prohibition. The jury found the respondent guilty, and the case comes into this court on exceptions before sentence.

Act No. 207, Pub. Acts 1889, by section 16 (3 How. Stat. § 2283*b*5), provides that:

"Any person who himself, or by his clerk, agent, or employé, shall violate any of the provisions of section 1 of this act, shall, for the first offense, be deemed guilty of a misdemeanor," etc.

Section 1 (3 How. Stat. § 2283*a*) provides:

"It shall be unlawful for any person, directly or indirectly, himself, or by his clerk, agent, or employé, to manufacture, sell, keep for sale, give away, or furnish any vinous, malt, brewed, fermented, spirituous, or intoxicating liquors * * * in any county of this State on and after the first day of May next following after the adoption by the board of supervisors of such county of a resolution prohibiting the same, as provided in section 13 of this act: * * * *Provided, however*, that the provisions of this section shall not apply to druggists or registered pharmacists in selling any such liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of this State."

The general law for the taxation and regulation of the manufacture and sale of spirituous and intoxicating liquors provides, by section 3, Act No. 313, Pub. Acts 1887 (3 How. Stat. § 2283*c*6), that no druggist shall, directly or indirectly, by his clerk, agent, or servant, sell such liquors to any person who is intoxicated at the time.

It is contended that the court was in error in not giving these requests to charge and in the charge as given. It is conceded by counsel for respondent that the rule has been laid down by this court in *People* v. *Roby*, 52 Mich. 577 (50 Am. Rep. 270), and in *Wolcott* v. *Judge of Superior Court*, 112 Mich. 311, that want of intent, or ignorance of the fact or state of things contemplated by the statute, does not constitute a defense. But counsel contend that these cases are clearly distinguishable from the

present. In the *Roby Case* the respondent was convicted of the offense of keeping his saloon open on Sunday. In the *Wolcott Case* the respondent was convicted of the offense of selling liquor without having first filed the necessary bond. It is claimed by counsel for respondent that the reason for holding that the want of knowledge of the fact or state of things contemplated by the statute did not excuse the violation of the statute was that the want of knowledge proceeded from carelessness, or a will to disobey the statute, or an indifference to its commands, while those elements do not enter into the present case; that the respondent had no intention of committing the offense himself, or having his clerks commit it; that he was not present when it was committed, knew nothing about it, or that it was likely to be committed; that he neglected no duty, but, prompted by a desire to obey the law, he exercised every precaution within his power to see that it was obeyed.

I think counsel correct in their contentions. It was held in *People* v. *Parks*, 49 Mich. 333, that a liquor dealer was not criminally responsible for the sale of liquor by his clerk to an habitual drunkard, such sale being made without the knowledge or consent of the respondent. The prosecution was had in that case under Act No. 259, Pub. Acts 1881. That case followed and cited *Faulks* v. *People*, 39 Mich. 200 (33 Am. Rep. 374), in which it was held that it was a defense to a charge of selling liquor to a minor that the dealer had reason to believe, and did believe, him to be of age; and in *People* v. *Metzger*, 95 Mich. 121, it was held that a saloon-keeper was not criminally liable for the act of his bartender in selling spirituous liquors without his knowledge or direction, and during his absence from the saloon, he having paid the tax imposed on the business of selling malt liquors only. These were cases in which the want of knowledge of the facts on the part of the respondents was not the result of carelessness or negligence, or a desire to disobey the law, as in the *Roby* and *Wolcott Cases*. They are cases in

which the respondents had no intention of committing the offenses themselves, or to have them committed by their clerks, agents, servants, or other employés, and where the respondents were not present when they were committed, knew nothing about their being committed, or that they were likely to be committed. They are like the present case, though this case is much stronger in favor of the innocence of the respondent. Here it was attempted to show that sales were made by the clerk after he had been instructed by the respondent that such sales must not be made.

In 1 Bish. Cr. Law (7th Ed.), § 219, it is said:

"We shall see that the general doctrine of the criminal law is the one which exempts the master or principal from responsibility for a crime by the servant or agent. Thus, under the statutes forbidding the sale of intoxicating drinks without license, and the former enactments against selling goods to slaves without the consent of their masters, it is sufficient in defense that the sale was made by the defendant's clerk, unauthorized either absolutely or by implication."

Even where the statutory words were "by an agent or otherwise," it was held in *Barnes* v. *State*, 19 Conn. 398, that the servant's want of authority would excuse the master.

In *Com.* v. *Stevens*, 153 Mass. 421 (25 Am. St. Rep. 647), it apppeared that the respondent was charged with unlawfully selling intoxicating liquors to a minor. The respondent was a druggist, and was authorized to sell to certain persons, but not to minors. One of his clerks made a sale to a minor, and the principal question at the trial was whether the respondent was criminally responsible therefor. There was evidence in the case that the respondent had instructed all his clerks not to make sales to minors, nor, indeed, to any person under 25 years of age. The learned judge who tried the case instructed the jury that, if they were satisfied that these instructions were given by the respondent, but that the clerks were to

determine the question of minority simply from the appearance of the customer, and the respondent authorized and permitted them to sell without further inquiry if they believed such persons to be 25 years of age or upwards, and that the clerk who made the sale in the case applied this test, and in good faith sold to the customer, then the respondent would be liable, even if he had no personal knowledge of the sale, because the servant in such case was carrying on the respondent's business in the way he directed and obeying his instructions, and that, under such circumstances, the act of the servant would be the act of the master. The correctness of that instruction was the principal question in the case. The court said: "The instructions to the jury allowed them to convict the respondent, even though the jury should find that he had in good faith given instructions not to sell to minors." The exceptions to the charge were sustained. It was further said in the case: "While a broader rule prevails in respect to a master's civil responsibility for the acts of his servant or agent, ordinarily he is not held responsible criminally unless he in some way participates in, countenances, or approves the criminal act of his servant."

In *Anderson* v. *State*, 22 Ohio St. 307, it appeared that the respondent was convicted for unlawful sales to a minor, in violation of a statute which declared it to be unlawful for "any person or persons, by agent or otherwise, to sell intoxicating liquors" in the cases specified in the act. It was said by the court:

"To bring a person within the operation of the act, the elements which constitute the offense must attach to him. He must make the sale. It is immaterial whether he does it directly or indirectly. The object in using the phrase 'by agent or otherwise' was to show expressly and unequivocally that the act was intended to embrace every means that the person charged might employ in effecting the illegal sale. * * * The accused in such case has the right to rebut the presumption of *prima facie* agency which the evidence makes against him by showing, if he can, that the criminal act was in fact committed without his authority, and against his instructions."

In *Lathrope* v. *State*, 51 Ind. 192, it was held that if a clerk in a saloon sell intoxicating liquor to one in the habit of getting intoxicated, without the knowledge and against the instruction of his employer, the latter is not criminally responsible for the act. The same rule is laid down in *State* v. *Baker*, 71 Mo. 475, and this is the general rule laid down by all the courts in construing similar statutes.

In the present case, however, the court below, in giving construction to the statute, applied the rule in civil cases, which holds the principal, as to third persons, liable for the acts of his agent done within the general scope of his authority, irrespective of actual instructions that were unknown to the person dealing with the agent. No such rule applies in criminal cases. The accused in a criminal case has the right to rebut the presumption of *prima facie* agency which the evidence makes against him by showing, if he can, that the criminal act was in fact committed without his authority, and against his instructions. That was what was shown in the present case, and the court was asked to direct the jury that, if they found that the sale was made without the respondent's knowledge or consent, they must acquit him. The requests set out here should have been given.

I think the conviction should be reversed, and a new trial ordered.