PHILLIPS *v.* CITY OF ABERDEEN.

(Division A.   June 10, 1940.)

[196 So. 632.   No. 34032.]

Jesse M. Coleman, of Aberdeen, for appellant.

Thos. F. Paine, of Aberdeen, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted in the court of the Mayor of the City of Aberdeen on an affidavit charging that in the City of Aberdeen he did "wilfully disturb the peace of the family of Brooks Lindley by offensive conduct, to-wit, the said Harry Phillips wilfully did trespass upon the property of Walter Owens at nighttime and peep into the windows of Walter Owens where female persons usually stayed, and which said conduct by Phillips was done and had in view of the family of Brooks Lindley, greatly offending and disturbing his family," etc. He

appealed to the court below and was there again convicted.

The evidence discloses that the houses in which the Lindley and Owen families live face each other across an intervening public street. About ten o'clock one night Mr. and Mrs. Lindley, who had retired for the night, saw through their window, by the aid of an electric street light, a man enter the Owen's premises, approach and stand for "a moment" at one of the front bedroom windows of the Owen residence, and then proceed toward the rear of the house. Lindley called to this man and he immediately ran. He and his wife identified him as the appellant. The room lighted by this window was occupied by Mr. and Mrs. Harold Thompson. Thompson was then in the room reading, his wife being absent. He heard someone on the driveway, but paid no attention thereto until a disturbance was raised by the Lindleys. Whether the view into the room from without was in any way obstructed by shades or curtains does not appear. The appellant's defense was an alibi, which, if his and his supporting witnesses were telling the truth, was perfect.

A general ordinance of the city adopts the State's misdemeanor statutes and makes their violation a municipal offense. One of the statutes covered by this ordinance is Section 862 of the Code, which provides that: "A person who wilfully disturbs the peace of any family or person by an explosion of gunpowder or other explosive substance, or by loud or unusual noise, or by any tumultuous or offensive conduct, shall be punished by fine and imprisonment, or either;" etc.

We will assume for the purpose of argument that the facts charged in the affidavit constitute "offensive conduct" within the meaning of this statute, and that a crime is charged although the conduct charged was aimed not at the Lindley family whose peace is said to have been disturbed, but against inmates of the Owen residence. The narrow question then is, do the facts proven warrant a verdict that the appellant did "peep

into the window of Walter Owens''? It does not appear from the evidence that one standing by this window at the time the appellant is said to have stood there could have seen into the room by merely turning his eyes in that direction, and no movement on the part of the person who was seen standing there discloses that he was making any effort to see into the room. For aught that appears he may have entered the premises for a very different purpose and stood momentarily by the window without even looking toward it. Had his conduct disclosed that he was attempting to look into the room to see what was therein, as appeared in City of Grand Rapids v. Williams, 112 Mich. 247, 70 N. W. 547, 36 L. R. A. 137, 67 Am. St. Rep. 396, a different question would be presented.

The evidence also discloses that clandestinely looking through windows into rooms at night was a common practice in the locality of these two residences, and that the appellant himself had been seen in the neighborhood the night before acting so as to cause one to suspect that he himself was engaged in such a nefarious practice. The competency of this evidence is challenged, but without passing thereon, it will be sufficient to say that the light afforded thereby is insufficient to warrant a jury in finding that the one who stood for ''a moment'' by this window did so for the purpose of violating the privacy of persons who might be in the room.

Counsel for the city asked Lindley: ''Did you do that (ask his wife for a flashlight) when you saw this man looking in your neighbor's window?'' To which he answered: ''All this excitement had been going on in this neighborhood and we were scared to death, didn't know what it was about.'' The witness had not said that the man was looking in the window. That he was so doing was merely an inference of counsel from the testimony.

The appellant's request for a peremptory instruction should have been granted.

Reversed and the appellant discharged.