THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO SÁNCHEZ, Defendant and Appellant.

No. 8185.   Argued June 11, 1940.—Decided June 12, 1940.

*Joaquín Correa Suárez* for appellant. *R. A. Gómez, Prosecuting Attorney, Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The District Attorney of Humacao brought an information against Carmelo Sánchez charging him with having on March 20, 1939, in the Municipality of Naguabo, within the Judicial District of Humacao, Puerto Rico, unlawfully, wilfully, and maliciously through his son Ernesto Sánchez, a minor, offered for sale and sold, to be used for human consumption as pure, cow's milk adulterated with water to the extent of 16 per cent.

The district attorney further alleged in due form that the crime was a subsequent offense committed by the defendant. The latter pleaded not guilty and after a trial was convicted and sentenced to pay a fine of $500 and to be confined in jail for six months, without costs.

He appealed, and in his brief he has assigned three errors committed, as he claims, by the court in refusing to dismiss the prosecution, in disregarding the objection with respect to the age of Ernesto Sánchez, and in weighing the evidence.

In support of his first assignment the appellant cites the law which is claimed to have been violated, Act No. 77 of 1925, section 1 of which reads as follows:

"Every person who adulterates or dilutes milk and every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor. . . ."

He maintains that the criminal act must be committed personally, for which reason, and as the information fails to

allege that the appellant had personally sold the adulterated milk, the same does not charge any offense in accordance with the law.

We do not agree. Since 1914 in the case of *People* v. *Gauthier,* 20 P.R.R. 311, following the decision in *People* v. *Barquet et al.,* 19 P.R.R. 753, and the doctrine laid down in *People* v. *Roby,* 52 Mich. 577, *Lehman* v. *District of Columbia,* 19 App. D.C. 217, and *State* v. *Burchinal,* 2 Har. 528, it has been held that "the owner of a milk stall where adulterated or diluted milk is sold, is criminally liable for the said offense, and it is immaterial whether the sale was made ·by him or by his employee." The law then in force was similar to the one which governs the matter at the present time.

See the cases of *People* v. *Quiñones,* 30 P.R.R. 548, *People* v. *Cartagena et al.,* 37 P.R.R. 428, where it was said: "When an agent sells adulterated milk, the agent and the principal each is guilty of an offense, and even jointly guilty."

The appellant in his argument under the second assignment of érror says that he thinks "that the district attorney was bound to establish in an unequivocal manner the age of Ernesto Sánchez, for the purpose of proving the contention that the defendant-appellant through his minor son offered for sale, as pure, cow's milk which had been adulterated with water. As Ernesto Sánchez at the time of the commission of the offense which is charged against the defendant-appellant . . . . had already attained the age of 16 years, then the information should have been brought directly against Ernesto Sánchez who would have been subject to prosecution . . . .

"We are discussing a case which among the misdemeanors is of unusual gravity by reason of the severity of the penalty which the law imposes on the guilty persons. There is involved a subsequent offense, and therefore it is imperative

that the prosecution should conclusively prove all of the particulars of the information. It can not be assumed that because in a former offense of adulteration of milk Ernesto Sánchez had been under age (16 years), and on that account had been eliminated from the information brought jointly against him and his father, the defendant-appellant herein, at the time of this second prosecution for a subsequent offense brought against Carmelo Sánchez, had not attained the legal age required for assuming full responsibility for his crime, if he committed the same.''

We are perfectly aware of the gravity of the penalty and of the fact that there may be cases where the owner is innocent and that the adulteration is accomplished by his agent for his own benefit, but this does not abolish the rule which we have already stated in passing upon the first assignment of error. It was unnecessary to prove the age of the agent. Assuming—for the purpose of placing ourselves in the same position taken by the appellant—that he was over 16 years of age, then the result would have been that the prosecuting attorney could have also brought an information against him, but this would not have eliminated the responsibility of the appellant as owner of the adulterated milk sold through his agent. There was no error.

██ The third and last error assigned which, as we have already stated, refers to the weighing of the evidence, was not committed either. The evidence for the prosecution was sufficient to show the commission of a subsequent offense, and the evidence for the defense did not overcome that for the prosecution nor adduced any new element which would justify the discharge of the defendant. The fact that the latter had a sick leg did not exempt him from responsibility, a regular sale of his product being involved. The questions put by the trial judge to the witnesses and the disposition which he made of the preliminary question submitted to him do not support the charges of prejudice made by the appel-

lant. The penalty imposed on the defendant by the judge is the lowest one prescribed by the law in a case of a subsequent offense.

Therefore, the judgment appealed from must be affirmed.