THE WISCONSIN MARINE & FIRE INSURANCE COMPANY
BANK v. E. GOLDEN FILER, ASSIGNEE, AND THE
MANISTEE SALT & LUMBER CO. (IN THE
MATTER OF THE PETITION OF RICHARD
A. SEYMOUR.)

[See 80 Mich. 67.]

*Vendor's lien—Waiver—Principal and agent.*

1. A vendor's lien is waived *pro tanto* where the note of a third person is taken of the vendee for a portion of the purchase money; citing *Sears v. Smith*, 2 Mich. 244.

2. The president of a corporation engaged in the manufacture of salt and lumber purchased the interest of the vendee in a contract for the sale of timber, and gave him in payment his individual note for $7,000, and the note of the corporation for $3,000, and took an assignment of the contract in his own name. The papers nowhere mentioned the corporation as having any interest in the purchase. The president sold a half interest in the contract to a third party, which is held to indicate clearly that the purchase was his own; and the other facts stated are held insufficient to show that he represented the corporation in making the purchase.

3. The facts involved in this case are stated in *Bank v. Filer*, 80 Mich. 67, where the facts and law relating to petitioner's claim of a vendor's lien are fully discussed and stated.

Appeal from Manistee. (Judkins, J.) Submitted on briefs November 14, 1890. Decided December 5, 1890.

Petition for payment of claim against an insolvent estate. Petitioner appeals. Decree affirmed. The facts are stated in the opinion, and in 80 Mich. 67.

*McAlvay & Grant,* for appellant.

*E. E. Benedict (Uhl & Crane,* of counsel), for defendants.

GRANT, J. The facts here involved were before this Court *In re Ortmann,* 80 Mich. 67. In that case, Ortmann, who was the owner of the land, and had made the contract for the sale of the standing timber, was held to have lost his lien.

The petitioner, Seymour, became the purchaser of that contract. He assigned it to one Engelmann. Engelmann sold a half interest in it to one Friend. Seymour received, as part of the purchase price, two notes, one made by Engelmann for $7,000, and one made by the Manistee Salt & Lumber Company for $3,000.

Petitioner contends that, in the purchase of this contract from him, Engelmann acted as and for the Manistee Salt & Lumber Company. This question was settled *In re Ortmann,* and we there held that Engelmann was the owner. The papers nowhere mentioned the company as having any interest in the purchase. The mere fact that Engelmann was the president of the company, or that he gave petitioner a draft of the company in part payment, is not sufficient to show that he represented the company in making the purchase. Besides, he sold a half interest to Friend, which is a clear indication that the transaction was his own. It follows, therefore, that petitioner took the $3,000 note of a third party in payment and not as security, and that his lien, if he had one, was discharged *pro tanto. Sears v. Smith,* 2 Mich. 244.

So far as the $7,000 note is concerned, which was the note of Engelmann, indorsed by petitioner, and delivered to Mr. Butler at the request of Ortmann, and received by him in payment, we do not think that petitioner stands in any better position than did Ortmann. He was evidently cognizant of the transaction between Ortmann and Engelmann after he had transferred the contract to

Engelmann. He must have understood that Engelmann desired to obtain the title to the timber, discharged from any lien. The transfer by Engelmann to petitioner was dated September 24, 1887. September 27 Engelmann wrote a letter to Mr. Butler in which he says:

"I give you my own notes, as above, because I have bought the timber from Mr. Seymour. The title is in my name, and therefore let the transaction show for itself. Now, I want Mr. Ortmann to give me an absolute title of the timber as he has written, and extend the time for cutting it to 1890, as he promised Mr. Seymour."

On the same date, Engelmann wrote a letter to Ortmann in which he says:

"I have sent the notes as requested, to Mr. Butler, and asked him to get the bill of sale, and have time for cutting timber extended to 1890, which Mr. Seymour said you promised."

From these letters, and other facts in the record, it is manifest that neither Ortmann nor the petitioner, Seymour, contemplated the retention of a vendor's lien on the timber, but that they looked to the responsibility of the parties to the notes.

The attempt on the part of the petitioner to prove a parol recognition of the lien has been disposed of in the Ortmann case. The facts and the law in regard to this claim of lien were so fully discussed in that case that we consider any further allusion to them here unnecessary.

It appears that the note is still the property of Ortmann; that petitioner is only held upon it as an indorser, and that he has not paid it. He is not, therefore, in a position to claim the lien.

So far as the note for $3,000 is concerned, it appears to have been assigned by the petitioner as collateral security. He is therefore entitled to prove his claim as an unsecured creditor. When he shall have taken up the

other note he will be entitled to prove that in like manner.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.