## THE PEOPLE v. MAURICE FITZGERALD.

*Criminal law—False pretenses—Information.*

1. An allegation, in an information for obtaining the money of a copartnership by means of false representations, that the person to whom the representations were made, and who donated the money, was a member of the firm, sufficiently alleges the authority of such person to make the donation for the firm.

2. The falsity of a representation, made by a respondent in a false pretense case, that he was authorized by a labor organization to collect money for the relief of the mother of a deceased member of such association, made by presenting a subscription paper purporting to be for that purpose, and which implied such authority, is sufficiently alleged by an allegation that the respondent was never authorized by the association to collect money for the benefit of the person named in the subscription paper, or for any other person.

3. It is necessary to allege in the information in such a case that the respondent knew that he was not authorized by the association to collect the money for the benefit of the person named in the subscription paper.

Error to recorder's court of Detroit. (Chambers, J.) Argued May 5, 1892. Decided June 17, 1892.

Respondent was convicted of obtaining money under false pretenses, and sentenced to State prison for five years. Judgment reversed, and respondent discharged. The facts are stated in the opinion.

*Willcox & Whelan,* for respondent.

*A. A. Ellis,* Attorney General, and *Samuel W. Burroughs,* Prosecuting Attorney, for the people.

MORSE, C. J. The respondent was convicted upon the following information, and sentenced to the State prison at Jackson for the term of five years:

"STATE OF MICHIGAN, ⎫
   County of Wayne, ⎬ ss.:
    City of Detroit, ⎭

*"The recorder's court of the city of Detroit:*

"In the name of the people of the State of Michigan, Samuel W. Burroùghs, prosecuting attorney in and for the said county of Wayne, who prosecutes for and on behalf of the people of said State in said court, comes now here in said court, in the November term thereof, A. D. 1891, and gives the said court here to understand and be informed that Maurice Fitzgerald, late of said city of Detroit, heretofore, to wit, on the 9th day of July, A. D. 1891, at the said city of Detroit, in the county aforesaid, with intent to cheat and defraud Joseph H. Berry and Thomas Berry, copartners doing business under the firm name of Berry Bros., and fraudulently to obtain two dollars in money, and of the value of two dollars, did designedly and falsely represent and pretend to Joseph H. Berry, one of the members of the firm of Berry Bros., that he, the said Maurice Fitzgerald, was authorized by the Consolidated Brotherhood of Railroad Trainmen, Switchmen, and Firemen to collect money for the benefit of Mrs. Algoe, by handing said Joseph H. Berry, member of the firm of Berry Bros., as aforesaid, the following subscription list, to wit:

"'Consolidated Brotherhood of R. R. Trainmen, Switchmen, and Firemen.

"'*To whom it may concern:*

"'We, the B. of R. R. T., Switchmen, and Firemen, ask any sum of shippers and business men they may wish to give for the benefit of Mrs. Algoe, dependent mother of one of our switchmen, killed June 6, 1891. Mr. Frank Algoe leaves a dependent mother, and it will be appreciated by the above.

"'[Seal.] BROTHERHOOD OF RAILWAY BRAKEMEN, B. O. R. R. B.'

"And believing the said false pretenses and representations so made as aforesaid by the said Maurice Fitzgerald, he, the said Joseph H. Berry, of the firm of Berry Bros., as aforesaid, was deceived thereby, and was then and there induced by means of the said false pretenses and representations, so made as aforesaid, to deliver, and did then and there deliver, two dollars in money, and of the value of two dollars, of the property of the said Berry Bros., to him, the said Maurice Fitzgerald, and the said Maurice Fitzgerald did then and there designedly, by

means of the said false pretenses and representations, so made as aforesaid, unlawfully and fraudulently obtain from the said Berry Bros. two dollars in money, and of the value of two dollars, of the goods and property of the said Berry Bros., with intent then and there the said firm of Berry Bros. to cheat and defraud of the same; whereas, in truth and in fact, the said Maurice Fitzgerald was not at that time, nor at any other time, authorized by the Consolidated Brotherhood of R. R. Trainmen, Switchmen, and Firemen to collect any money for the benefit of Mrs. Algoe, or any other person,—to the great damage and deception of the said Berry Bros., and to the evil example of all others in like cases offending, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

> "SAMUEL W. BURROUGHS,
> "Prosecuting Attorney."

It is contended that this information is defective under the ruling of this Court in *People v. Behee,* 90 Mich. 356, for the reasons stated in the brief of respondent, as follows:

"1. The information fails to allege that said Joseph H. Berry had any connection with Berry Bros., as agent or otherwise, or that he was authorized by said Berry Bros. to give money in charity or for any other purpose.

"2. It fails to allege a *scienter.*

"3. It fails to allege that the pretenses were false in fact."

1. The allegation that Joseph H. Berry, the person to whom the false representations were made, was a member of the copartnership of which the money was fraudulently obtained, is sufficient to meet the first objection.

2. The information is defective because of its failure to allege that respondent knew that he was not authorized by the brotherhood named to collect money for the the benefit of Mrs. Algoe. The defendant stood mute, and is therefore entitled to raise the question here.

"The defendant's knowledge of the falsity of the pretenses is material, and hence must be averred, unless the pretenses stated are of such a nature as to exclude the possible hypothesis of the defendant's ignorance of their falsity." 2 Whart. Crim. Law (9 ed.), § 1225; Whart. Crim. Pl. & Pr. (9th ed.), § 164; *State v. Smith*, 8 Blackf. 489; *State v. Bradley*, 68 Mo. 140; *People v. Behee*, 90 Mich. 356; *People v. Reynolds*, 71 Id. 343.

This case does not come within the exception to the general rule laid down by Wharton. Under our statute, where the intent is the gist of the offense, the ignorance of the defendant of the falsity of his representations would take away the fraudulent intent. It is possible, under the case stated in the information, that the defendant was ignorant of the fact that the paper he presented to Berry was a false and fraudulent statement. He might have supposed the paper genuine, and that he was authorized to collect money by virtue of it. If the proof in the case had stopped where the information does, the defendant could not have been convicted. It was necessary in order to convict him to go further, and prove that he knew that he was not authorized to collect this money.

3. The false pretense in this case was his representation that he was so authorized by the presentment of this subscription paper, which implied such authority. This pretense is alleged to be false in fact in the following language, which is sufficient:

"Whereas, in truth and in fact, the said Maurice Fitzgerald was not at that time, nor at any other time, authorized by the Consolidated Brotherhood of R. R. Trainmen, Switchmen, and Firemen to collect any money for the benefit of Mrs. Algoe, or any other person."

The judgment must be reversed, and the defendant discharged.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.