## PEOPLE *v.* LENNOX.

1. CRIMINAL LAW—FALSE PRETENSES—SUFFICIENCY OF INFORMA-
TION—SCIENTER.

Where the representation set forth in an information for obtaining money by false pretenses are of such a nature as to negative any possible hypothesis of respondent's ignorance of their falsity, an averment that respondent knew them to be false is not necessary. An information, therefore, alleging that respondent designedly falsely represented and pretended that he had received from a certain person a subscription for a specified amount, with payment in full thereon, whereas such person had subscribed and paid only a specified smaller amount, is sufficient.

2. SAME—INTENT TO DEFRAUD—DEFENSES.

The fact that money obtained by false pretenses is devoted to the object for which it was given, which is a meritorious one, will not constitute a defense to a criminal prosecution, such fact being immaterial upon the question of intent to defraud.

Exceptions before judgment from Ingham; Person, J. Submitted July 13, 1895. Decided October 1, 1895.

Cornelius Lennox was convicted of obtaining money by false pretenses. It appeared upon the trial that the money so obtained was used for the purpose for

which it was solicited and given, namely, the establish-
ment of a training school for colored children.  Con-
viction affirmed.

*Arthur D. Prosser*, for appellant.

*L. B. Gardner*, Prosecuting Attorney, for the people.

GRANT, J.  The gist of the crime charged in the infor-
mation is that the respondent "did designedly falsely
represent and pretend to said Robert B. Shank that he,
the said Cornelius Lennox, had received from one Walter
A. Newton a subscription of $10, with payment in full
thereon by said Walter A. Newton," whereas the said
Walter A. Newton had not subscribed nor paid him the
$10, and had subscribed and paid to him only $1.  The
allegations in regard to the subscription book or paper,
and that said Newton had written his name and amount
therein, are merely descriptive of the means used, and of
evidence to sustain the charge.  The information would
be perfectly good if it contained nothing about the sub-
scription book or paper.  "The defendant's knowledge of
the falsity of the pretenses is material, and hence must
be averred, unless the pretenses stated are of such a
nature as to exclude the possible hypothesis of the defend-
ant's ignorance of their falsity."  *People* v. *Fitzgerald*, 92
Mich. 331, and the authorities there cited.  That case
was reversed because the information did not allege that
the respondent knew he was not authorized by the asso-
ciation to collect the money for the benefit of the person
named in the subscription paper.  It was held that the
respondent might have been ignorant of the fact that
the paper he presented was a false and fraudulent state-
ment.  The present case comes clearly within the excep-
tion to the general rule stated in the above authority.
The allegation of the information in this case negatives
any possible hypothesis of ignorance.  In *People* v.
*Behee*, 90 Mich. 356, the information was held bad because

it did not allege that Barbour was the agent of the Detroit Stove Works, from whom it was charged that the money was fraudulently obtained, and because it did not allege that the respondent knew the representations to be false. These representations were that he was authorized to collect money for a poor woman whose son was killed on the railway, and who was her only support. He might honestly have believed that he was authorized. Consequently the *scienter* was important and material. Had Behee been charged with falsely representing to B. that A. had subscribed and paid him $10, and obtained $5 from B. on this representation, that case would be in point. The information must be held good.

The proofs fully sustain the charge, and conclusively show that the respondent represented to Shank that Newton had subscribed and paid $10, whereas in fact he had subscribed and paid but $1. It is, however, insisted that no criminal intent necessary to the offense is shown, because the respondent used the money obtained for the purpose of establishing the school, and had purchased articles necessary to start it. What he did with the money is immaterial. The law does not sanction the obtaining of money under false pretenses, though the object to which it is devoted be meritorious. The criminal character of the act is not determined by the subsequent use of the money, but by the means used in obtaining it.

We find no error in the record, and the verdict is affirmed, and the court below directed to proceed to sentence.

The other Justices concurred.