### PEOPLE *v.* FREDERIGHI.

CRIMINAL LAW—INFORMATION—COMPLAINT.

Intent to sell fruit, or to offer for sale, or to possess the same, in packages that show better quality on the surface than the remainder of the package contains, in violation of the prohibition of Act No. 207, Pub. Acts 1913 (3 Comp. Laws 1915, § 15370), is an essential ingredient of the statutory offense, and a complaint that failed to charge knowledge or intent was insufficient to sustain a conviction.

Exceptions before sentence from Berrien; Bridgman, J. Submitted April 14, 1916. (Docket No. 132.) Decided June 8, 1916.

Cesare Frederighi was convicted of selling fruit in violation of Act No. 207, Pub. Acts 1913. Reversed and respondent discharged.

*Grant Fellows*, Attorney General, and *Chester P. O'Hara*, Prosecuting Attorney, for the people.

*G. M. Valentine* and *John J. Sterling*, for respondent.

KUHN, J. The respondent is charged with a violation of section 5 of Act No. 207, Pub. Acts 1913 (3 Comp. Laws 1915, § 15369). This act is entitled—

"An act to prevent fraud and deception in the sale of Michigan-grown fresh fruits and vegetables, and to provide penalties for violations of this act."

The act contains six sections. The first five sections regulate the packing and sale of fruit, and define what acts shall constitute a violation of the law. The complaint upon which this prosecution is based alleges facts which are within section 5, which is in terms as follows:

"No person shall sell or offer, expose or have in his possession for sale, any fresh fruits or vegetables packed in any package in which the faced or shown surface gives a false representation of the contents of such package, and it shall be considered a false representation when more than twenty per cent. of such fresh fruits or vegetables are substantially smaller in size than, or inferior in grade to, or different in variety from, the faced or shown surface of such package, natural deterioration and decay in transit or storage excepted."

Section 6, which is the penal section of the statute, reads as follows:

"Every person who, by himself, his agent or employee, knowingly violates any of the provisions of this act shall, for each such offense, be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding ten dollars, or by imprisonment in the county jail for a period of not exceeding thirty days, or by both such fine and imprisonment in the discretion of the court."

The respondent was arrested, tried, and convicted in the justice's court, and on appeal to the circuit court was again tried and convicted. At the trial in the circuit court his counsel moved that the court direct the jury to render a verdict of not guilty, on the ground that neither the complaint nor the warrant charged or alleged that the respondent had knowingly violated the statute under which the prosecution is brought. Respondent also presented certain requests in writing for instructions to the jury which involved the same question. These were refused by the court. After his conviction respondent moved an arrest of the verdict, assigning four reasons or causes therefor, all of which challenged the sufficiency of the complaint and warrant. This motion was denied. The sole question, therefore, which is properly before us on exceptions before sentence is whether or not the complaint and warrant sufficiently charged an offense under the said provisions of Act No. 207, Pub. Acts 1913.

It is unquestionably the settled rule in this State that where *scienter* is made an ingredient of the offense, it is necessary to charge and prove it. There is some difficulty in determining, on a reading of this act, exactly what the intention of the legislature was in the use of the word "knowingly" in section 6. Section 5 does not make knowledge a substantive ingredient of the offense. But, in our opinion, all the sections of the statute should be taken together, to determine what the legislative intent was, and there can be no doubt that it was the intention of the legislature to

make the *scienter* a part of the offense created by this statute.

We are of the opinion that it cannot be said that simply selling the fruit which does not come up to the standard required by the statute necessarily implies that the seller knew of the inferiority. This is not, therefore, one of that class of cases in which it has been held that knowledge need not be averred where it cannot possibly be said that the respondent could have been ignorant of the offense. See *People* v. *Lennox,* 106 Mich. 625 (64 N. W. 488). We see no escape from the conclusion that the complaint is fatally defective in that it does not charge one of the essential ingredients of the offense created by the statute; that is, that the respondent knowingly committed the act made illegal thereby. *People* v. *Fitzgerald,* 92 Mich. 328 (52 N. W. 726).

The complaint not stating the offense charged by the statute, it follows that the conviction must be reversed and the respondent discharged.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.