[No. 15003.   *En Banc.*   March 1, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
E. M. CADWELL, *Appellant*.[1]

LARCENY (24) — EVIDENCE — MATTERS OF DEFENSE — REPARATION.
Larceny by obtaining money under false pretenses is not expunged
by restoring the money.

SAME.  Where the state, in a prosecution for larceny, introduced
evidence of promises to make restitution and failure to do so, for
the purpose of showing guilty intent, the accused should be allowed
to show a tender or any other facts tending to show performance of
promises to repay or excusing such performance.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for
King county, French, J., entered March 13, 1918, upon
a trial and conviction of grand larceny.  Reversed.

*William C. Keith,* for appellant.

*Alfred H. Lundin* and *Theodore H. Patterson,* for
respondent.

TOLMAN, J.—On December 26, 1917, the prosecuting
attorney of King county filed an amended informa-
tion, charging appellant with the commission of the
crime of grand larceny, the charging part of the in-
formation being as follows:

"That, on or about the 27th of October, 1916, appel-
lant feloniously, designedly and fraudulently pre-
tended and represented to Thomas J. Young that the
lots located at the northeast corner of the intersection
of Ravenna avenue and East 62nd street, in the city
of Seattle, to wit:   Lots 12 and 13, in block 1, of
Wade's addition, were lots 12 and 13, in block 2, of
said addition, and thereby induced the said Thomas J.
Young to loan to one Frank Pruher the sum of $250
on said lots 12 and 13, in block 2, of Wade's addition."

[1]Reported in 179 Pac. 87.

From a verdict of guilty and a judgment based thereon, this appeal is prosecuted. The error assigned and relied upon is that the trial court erred in sustaining the objection to an offer of proof of a tender to the prosecuting witness of the full amount of the loss occasioned by the transaction.

The acts charged as constituting the offense were committed in October, 1916. The mistake or fraud, whichever it be, was discovered in December following. After first protesting that he had shown the right lots, appellant appears to have admitted that a mistake had been made, and then promised to reimburse the prosecuting witness for all loss occasioned thereby, if given two weeks or a month in which to raise the necessary money. This proposition was satisfactory to the prosecuting witness, and he willingly granted the time asked. The state showed in its case in chief the failure to keep this promise, and followed by showing in detail the efforts of the prosecuting witness to collect the money, in person, through his mother, and through an attorney employed by him for that purpose, running over a number of months and including the making and breaking of a good many similar promises on the part of appellant, drawing out the definite statement a number of times that nothing had been paid, apparently on the theory that these numerous unkept promises tended to show a criminal intent in the original transaction; and perhaps, also, for the purpose of affecting the credibility of the accused as a witness in his own behalf.

The appellant offered testimony tending to show that he made an honest mistake in exhibiting the wrong lots to the prosecuting witness. He admitted that he made the promises to pay, asserted a desire to pay for the purpose of righting an unintentional

wrong, and offered to prove by the testimony of two witnesses that, some months after the original transaction, but while efforts to collect the money were still in progress, such witnesses, in accordance with his instructions, and on his behalf, went to the attorney for the prosecuting witness and tendered to him a sum of money sufficient to take up the loan, both principal and interest. Upon objection by the state, the offer was refused. It will be observed that the only issue requiring proof on the trial was the intent of appellant, which necessarily included knowledge on his part of the falsity of the representations at the time they were made; and the state argues that restitution, or an offer of restitution, is inadmissible, and does not tend to show a lack of guilty intent.

The pecuniary loss by the prosecuting witness is not a necessary element of the offense, and it has been frequently held that the criminal character of such an act is to be determined by the means used to obtain the money and not by the use made of it afterward. In other words, the crime, if one be committed, is not expunged by restoring the fruits thereof. This position is amply supported by authority. *People v. Lennox,* 106 Mich. 625, 64 N. W. 488; *Carlisle v. State,* 77 Ala. 71; *State v. Loesch* (Mo.), 180 S. W. 875; *People v. Reiss,* 114 App. Div. 431, 99 N. Y. Supp. 1002.

We accept this rule and adhere to it, but we think its application may be waived by the state by its course of conduct. In this case, by first opening wide the gate, entering the field, and laying before the jury, in detail, all of the circumstances · surrounding the prosecuting witness' efforts to collect, including the promises and their breach, the jury might have been led to find a guilty intent from the breach of the

promises only, or the evidence of unperformed promises may have so affected appellant's credibility in the eyes of the jury, as to cause a rejection of his testimony *in toto;* and still further, the delay in instituting these proceedings, preceded by the unsuccessful efforts to collect, may have caused the jury to find him guilty of a failure to repay, rather than of the crime with which he is charged.

We think that, logically, as well as in fairness to the accused, the state having introduced evidence of the promises and the failure to perform, the appellant should have been permitted to show a tender, or any other facts tending to show the performance of his promise to repay, or excusing such performance; with leave, of course, to the state on rebuttal, to show that such tender, or other act, was done for the purpose of avoiding prosecution. The general rule is that, where the intent with which an act is done is an essential element, all the attendant circumstances are admissible, and considerable latitude is allowed in the introduction of evidence. Elliott, Evidence, § 2975. The state having availed itself of this rule, and assumed that the making and the breach of the promises tended to show guilty intent, appellant was entitled to negative the state's contentions by showing performance or tender.

Judgment reversed.

CHADWICK, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.

MITCHELL, J. (concurring)—I concur in the result reached in the majority opinion, on account of the particular defense interposed and because the state introduced evidence to show defendant did not comply with his promise to repay the prosecuting witness. Failure

of compliance on the part of the defendant with his promise to repay is immaterial in a prosecution for, and not essential to a conviction of, the crime of larceny. On the other hand, a promise to pay by one confronted with the accusation of having obtained money under false pretenses—proof of which is always proper as going to the question of criminal intent— is not of itself sufficient to permit the defendant to introduce in evidence a subsequent self-serving declaration of an offer to restore. Larceny is an offense against the public not to be condoned, or defended against, even by complete restoration to the injured party of the property stolen. Or, as was said by this court in *State v. Craddick,* 61 Wash. 425, 112 Pac. 491:

"A thief will not be accorded immunity by the law by simply returning the stolen property when he finds that his crime has been discovered."

MACKINTOSH and MAIN, JJ., concur with MITCHELL, J.

HOLCOMB, J. (dissenting)—I dissent. For the reasons very cogently stated in the foregoing special concurrence, the offer was inadmissible, and besides the defendant testified to the same himself. The judgment should be affirmed.