## STATE OF NORTH DAKOTA, Respondent, v. FRANK W. HENDERSON, Appellant.

(176 N. W. 126.)

**Criminal law — sufficiency of information to negative false pretenses.**

1. The defendant was convicted upon an information which charged him with obtaining money under false pretenses; therein it was alleged that the defendant falsely represented that one Laughery was a civil engineer; that it was necessary to employ a competent civil engineer to perfect a preliminary survey for the proposed railway; that such preliminary survey was necessary in order to secure the necessary financial aid; that it was necessary in order to secure the services of Laughery for such purposes that he be paid in advance $4,000. The information further negatived the false pretenses as follows:

"Whereas, in truth and in fact the said pretenses and representations so made as aforesaid were false, untrue and fraudulent, and

"Whereas, in truth and in fact the said Laughery was not a civil engineer and was and is not familiar nor capable and competent of doing railway surveying or engineering and knew nothing of such work,"

It is *held* that such allegations sufficiently negative the allegations of the false pretenses.

**Indictment and information — false pretenses — innuendo may be used.**

2. Upon such information, it is held proper under the statute to allege by

way of innuendo facts and circumstances, part of which may be true, which serve as a basis upon which the false pretenses may operate in order to secure the money or property.

**False pretenses.**

3. In such action where $4,000 in money belonging to the parties interested was put up in a bank, and the defendant secured the same as a method of convenience in the form of a draft, it is *held*, that the false pretenses exercised operated to deprive the parties of money.

**False pretenses — proof.**

4. In such action where the evidence discloses that the party whom the defendant represented to be a consulting engineer was a carriage and automobile painter, and at times a traveling salesman selling varnish, who had never studied civil engineering and knew nothing about it, it is *held* that the proof of the false representations of the defendant concerning the party as a consulting engineer covered, upon the subject-matter involved, the term "civil engineer."

Opinion filed November 24, 1919.   Rehearing denied January 30, 1920.

The defendant was convicted in Burke County, *Leighton, J.,* for the crime of obtaining money under false pretenses.   From a judgment and sentence rendered the defendant has appealed.

Affirmed.

*Wolfe & Schneller,* for appellant.

False representations may be made to bring about the payment of the money or the delivery of the property.   Re Cameron, 44 Kan. 64, 24 Pac. 90; State v. Williams, 32 L.R.A.(N.S.) 420 and note.

*Olaf Braatelien,* State's Attorney Divide County, and *George P. Holmes,* for respondent.

The defendant cannot claim that the language of the information is not sufficiently specific to give him notice of what he was to prepare to defend.   This is all that is required, and the language of the information specifically meets this requirement.   8 Ency. Pl. & Pr. 880, 881; Com. v. Whitney, 3 S. W. 533; Baker v. State, 120 Wis. 135, 97 N. W. 566.

It is not necessary to aver in express terms that the pretenses were false, or to negative them specifically.   8 Enc. Pl. & Pr. 881; Britt v. State, 9 Humph. (Tenn.) 31; State v. Metsch, 37 Kan. 222; State v. Tripp, 84 N. W. 546 (syllabus); 20 Standard Proc. p. 731, note.

'A general averment that the pretense was false will be deemed sufficient after verdict. State v. Luxton, 65 N. J. L. 605; 2 Whart. Crim. L. pp. 1654, 1655.

"Consulting engineer" is "a scientific expert, consulted occasionally; one who is brought into conference about a case or a project, or some phase thereof." Coppersmith v. Mound City R. Co. 51 Mo. 357, 366; State v. Doyle (R. I.) 96 Atl. 610, 2 Words & Phrases, 1st series.

A delivery to a designated agent for his benefit is sufficient proof of the consummation of the offense by the defendant. Bates v. State, 103 N. W. 251; Sandy v. State, 60 Ala. 58; Com. v. Taylor, 105 Mass. 172; Com. v. Karpowski, 167 Pa. 225, 31 Atl. 572.

BRONSON, J. The defendant was convicted in the district court for obtaining money under false pretenses. From the judgment entered the defendant has appealed.

In January, 1917, a criminal information was filed charging the defendant with obtaining money and property from certain persons in connection with the promotion and construction of a proposed railway in northwestern North Dakota through false representations and pretenses concerning the qualifications of one Laughery, as a civil engineer and other false pretenses in regard thereto.

At the trial some evidence was introduced to establish the following facts: A large number of farmers residing in or near the counties of Divide and Williams, in northwestern North Dakota, were desirous of having a railroad constructed in such territory. The defendant took up the consideration of the matter with representatives of these farmers looking toward the promotion and construction of such railroad. Many meetings and conferences were held between the farmers, their representatives, and the defendant with reference to such promotion and construction. During such negotiations, conferences, including the preliminary contracts made, the defendant represented that he had the financial backing of a loan concern situated in Philadelphia who would finance the bonds for the proposed railroad providing it was feasible; that it was necessary in a preliminary way to have an actual survey made and a financial report of the practicability of such railroad from a financial view point; that it was further necessary that

the consulting engineer of the eastern concern be secured and his advance fees paid for purposes of determining these matters. It was arranged that $7,000 be raised for such purposes and then the defendant falsely pretended that one W. C. Laughery was the consulting engineer of the eastern concern and that it was necessary to pay him in advance $4,000 before he did any work. The defendant secured W. C. Laughery to work for him. He brought him up with him to the territory involved and introduced him as the consulting engineer from Philadelphia to many of the parties interested and at the various meetings. He made representations that it was necessary to pay such amount of $4,000 to this person before he did any work. The parties interested in the promotion of the project raised the sum of $4,000 in money and placed it in a bank at Crosby, North Dakota.

On March 27, 1916, pursuant to instructions received from the defendant, Laughery went to the bank for this money put up by the farmers. He requested and received therefor a draft of $4,000 upon a St. Paul bank. Laughery was a witness for the state. He testified that he was then a traveling salesman for a varnish company, that he was a carriage painter and automobile painter; that this was about all the work he had done when not on the road traveling, that he never studied civil engineering; that he never did any engineering work of any kind; that the defendant offered him work; asked him to go with him up to this country to get statistics from elevators, lumberyards, etc., and when he got up there to go to a certain bank and get a draft for the defendant. That his salary was to be $200 per month. The defendant advised Laughery to say that he was a consulting engineer from Philadelphia; that he was advised by the defendant to say, if any questions were asked him about civil engineering, to tell them that he could not say anything about it until the survey was made. He testified that after he received the draft he took it over to the hotel where the defendant was; there he indorsed it and gave it to the defendant. That he never received any of the money represented by the draft. That thereafter he went to different places with one of the farmers' committee to the elevators, the lumberyards, the implement dealers, and attended some meetings; that at several meetings both before and after the reception of the draft the defendant represented him to be the consulting engineer from Philadelphia. That, after this work was

done, he asked the defendant on the train when the defendant expected to start work on the railroad; that the defendant replied, "to hell with the railroad, if they never get their road until I build it they will be a long time building it."

That some report was made covering this preliminary information and survey of the road, which was prepared by the defendant, which was not looked over by him and was merely signed by him at the request of the defendant. The draft was again indorsed by one Budack and subsequently paid.

The general scheme, developed in the evidence for the construction of the railroad proposed, involved a financing by this eastern concern of the bonds to be floated and a financial support to be secured from the farmers interested along the line. A large number of exhibits were introduced, some disclosing the contract made by the defendant and the farmers' committee as representative of the proposed railroad corporation before and after its incorporation, setting forth the terms of the agreement to be performed by the defendant, Henderson. Later members of the farmers' committee ascertained that Laughery never was a civil engineer and never had been in the employ of such eastern concern. Thereupon the defendant was taken to task for his false misrepresentations; trips were made by parties to Philadelphia to visit the eastern concern and a real consulting engineer employed by the eastern concern finally was employed; he visited the section for the purpose of examining the project and made a report concerning the feasibility of the railroad upon which the eastern concern deemed the project not feasible and determined not to lend any financial aid. There is additional testimony in the record to the effect that the farmers' committee as well as many of the farmers interested were induced to put up and part with their money relying upon these false pretenses and representations made by the defendant. At the conclusion of the State's evidence, the defendant rested, and, without submitting any testimony, moved the court to advise the jury to return a verdict of not guilty upon many grounds. Upon this appeal the defendant has specified some 66 asserted grounds of error in the proceedings of the trial court. Indeed the court would be led to believe, from the number of objections and motions interposed by the defendant, that the proceedings of the trial court constituted merely a monument of error. The principal

contention of the defendant, in connection with the specifications of error urged, is that the information does not specifically allege a negation of some of the false pretenses set forth in the information. The defendant separates the false pretenses alleged in the information into four classes generally stated, viz.:

(1) The representation made that Laughery was a civil engineer.

(2) That it was necessary to employ a competent civil engineer to perfect a preliminary survey.

(3) That a preliminary survey and estimate was necessary in order to secure the necessary financial aid.

(4) That it was necessary in order to secure the services of Laughery for such purpose that he be paid in advance $4,000.

Concerning the false pretenses as so alleged, the information negatives the same in the following language, to wit: "Whereas, in truth and in fact the said pretenses and representations so made as aforesaid were false, untrue and fraudulent, and whereas, in truth and in fact the said Laughery was not a civil engineer and was and is not familiar nor capable and competent of doing railway surveying or engineering and knew nothing of such work," the defendant contends that these allegations were not a specific negation of the false pretenses. The defendant contends that the information properly negatives only one of the alleged false pretenses, to wit, that W. C. Laughery was not a civil engineer; that therefore there was only one single issue which could be established and proven by the state; that every other such false pretense or representation was thereby eliminated; that furthermore there was no proof in the record of any false representation that said Laughery was a civil engineer; that the extent of the proof is to the effect that such Laughery was a consulting engineer. Under our statute (Comp. Laws 1913, § 9968) making it a crime to obtain from any person money by false pretenses, it is proper in a criminal information to allege more than one ground of the false pretenses made for the securing of the money, and it is also proper by way of innuendo to allege facts and circumstances, part of which may be true, which serve as a basis upon which the false pretenses may operate in order to secure the property. 19 Cyc. 396, 427; see 2 Whart. Crim. Law, 11th ed. p. 1655. This court is satisfied, upon the whole information so considered, that such allegations were sufficiently negatived if the four

grounds stated be considered allegations of false pretenses. Baker v. State, 120 Wis. 135, 97 N. W. 566; State v. Tripp, 113 Iowa, 698, 84 N. W. 548; People v. Fitzgerald, 92 Mich. 328, 52 N. W. 726; 19 Cyc. 427.

We are also of the opinion upon this information that the last three so stated allegations of false pretenses may be properly considered as circumstances alleged by way of innuendo which afford a basis for the false pretenses exercised and consummated with regard to the procurement and the use of Laughery as a civil engineer, whereby the money was secured by the defendant. It indeed might be true upon this record that it was necessary to secure a preliminary survey; that it was necessary to employ a competent civil engineer; that it was necessary to secure necessary financial aid for the construction of such railway; that it was necessary to pay Laughery $4,000 in advance for his services, if in fact he was a competent civil engineer. All of these things being true as to a competent civil engineer or a consulting civil engineer, in fact, might or did become a false pretense when applied to the operations and the representations concerning Laughery, a figurehead in fact, used by the defendant through a false pretense concerning him to secure the money of the persons interested in the construction of this railway.

We are satisfied that the contentions so urged by the defendant are without merit. That the defendant was fully apprised of the nature of the charge against him and had full opportunity to defend against such charge. The defendant further contends, however, that there is not proof of a false representation, that Laughery was a civil engineer; that the proof is that he was a consulting engineer, and that this variance is fatal. This objection indeed is without merit. In understanding the English language in application of terms upon this subject-matter involved there is no room for controversy, upon definitional grounds, that a consulting engineer means and includes civil engineering. Upon the motion of the defendant the state was compelled to elect to stand on the ground that the defendant secured money, instead of property, upon the false pretenses alleged. The defendant contends that no money was received by the defendant. Therefor, no case has been proved. Such objection indeed fails to distinguish between a draft which was secured by means of false pretenses and a draft which

is taken as a method of convenience after moneys have already been put up and secured for the benefit of the defendant by means of his false pretenses. The defendant further contends, however, that the parties involved entered into a specific contract and that the defendant performed, in accordance with the contracts made and pursuant to their terms. That, therefore, there could be no deceit or false pretenses where there was legal obligation to do the very things that were done. We are not satisfied upon the record that the contracts made between the parties did cover, as a matter of law, the subject-matter of the false pretenses. The court did not err in its instructions to the jury in this regard. We have examined the long record in this case considerably at length and we are satisfied after such examination that the defendant was accorded a fair trial and that the case was submitted to the jury upon instructions which fairly represented the law applicable and the rights of the defendant. It is ordered that the judgment be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, ROBINSON and GRACE, JJ., concur.