PEOPLE v JABORO

1. STATUTES—CONSTRUCTION—SCIENTER—ELEMENTS OF OFFENSE.

The express exclusion, as opposed to mere omission, of the word "knowingly" from a statute indicates a legislative intent not to make scienter an element of the offense covered by the statute.

2. STATUTES—CONSTRUCTION—TITLE OF STATUTE—AMBIGUITY—BODY OF STATUTE.

Recourse to the title of a statute is permissible to resolve ambiguity in the body of the statute or where there has been a clear error in omitting material from the body of the statute.

3. STATUTES—INTERPRETATIVE FUNCTION OF TITLES—PLAIN WORDS—AMBIGUITY.

The interpretative function of the title to a statute is determined according to the well-established rules: (1) the title cannot control the plain words of the statute, and (2) in case of ambiguity the court may consider the title to resolve uncertainty either by extending or restraining the purview of the act or by correcting obvious errors.

4. STATUTES—PUBLIC WELFARE STATUTES—WEIGHTS AND MEASURES ACT—EMPLOYEES-AGENTS-SCIENTER.

Public welfare statutes, similar to the Michigan Weights and Measures Act, which make defendants liable for the acts of their employee-agents, with or without the defendants' knowledge or intent, have long been recognized and upheld in Michigan (MCLA 290.601 *et seq.;* MSA 12.1081(1) *et seq.).*

Appeal from Recorder's Court of Detroit, Donald J. Goodrow, J. Submitted February 9, 1977, at Detroit. (Docket No. 29223.) Decided April 25, 1977.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 203.
[2] 73 Am Jur 2d, Statutes § 129.
[3] 73 Am Jur 2d, Statutes § 125.
[4] 73 Am Jur 2d, Statutes § 281.

Najy Jaboro, owner of Wonder Super Foods, was convicted of violating the Michigan Weights and Measures Act. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Michael Kranson,* for defendant.

Before: M. F. KELLY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted in a bench trial of violating the Michigan Weights and Measures Act, MCLA 290.631(e); MSA 12.1081(31)(e). Sentence was suspended by the trial court, since defendant had no previous violations.

Defendant is the owner of the Wonder Super Foods market at 3600 Cass in Detroit. An inspector for the Michigan Department of Agriculture testified that on April 8, 1976, he went to defendant's market for a routine weights and measures check. He tested the scale in the meat department and found that it was accurate. He testified that he then checked meat packages on the counter for sale in the meat department and found that 21 out of 33 packages were short of the weight that was labeled on them. At the close of the people's proofs, defendant's counsel moved to quash, on the grounds that the people had shown no knowledge or intent to defraud on the part of the defendant. The trial court denied the motion. Defendant testified he has a meat department manager and he himself has nothing to do with the weighing. The

trial court sustained an objection to a question about whether defendant had instructed his employees to set the scale to short-weight the customers, ruling it was immaterial. The court then found defendant guilty of the offense charged.

Defendant's only claim on appeal is that the trial court erred in holding that scienter is not an element of proof required under this statute. Defendant argues that the legislative intent to make fraud and deceit an element of the offense is shown by the title of the Weights and Measures Act, which contains the phrase, "An Act * * * to provide penalties for fraud and deception in the use of false weights and measures and other violations". The only case cited by defendant in support of his contention is *People v Frederighi,* 192 Mich 165; 158 NW 177 (1916). *Frederighi* concerned a similar statute regulating the packing and sale of fruit. There, however, the body of the statute expressly made knowledge an element of the crime:

"Every person who, by himself, his agent or employee, *knowingly* violates any of the provisions of this act shall * * * be deemed guilty of a misdemeanor." 192 Mich at 167. (Emphasis added.)

The Court there concluded that the inclusion of the word "knowingly" in the statute, indicated a legislative intent to make scienter an element of the offense created by the statute.

Similarly, we conclude that the express exclusion (as opposed to mere omission) of the word "knowingly" from the statute here indicates a legislative intent *not* to make scienter an element. A study of the legislative history of the statute here shows that its forerunner, 1913 PA 168, § 7,

in fact contained the word "knowingly", but that this word was removed by an amending act in 1923 (1923 PA 24, § 7).

While recourse to the title is permissible to resolve ambiguity in the body of a statute, *Lakehead Pipe Line Co, Inc v Dehn,* 340 Mich 25, 34; 64 NW2d 903 (1954), *Kalee v Dewey Products Co,* 296 Mich 540, 545; 296 NW 826 (1941), or where there has been a clear error in omitting material from the body of a statute, *Michigan Consolidated Gas Co v Austin Twp,* 373 Mich 123; 128 NW2d 491 (1964), we find no such ambiguity or legislative oversight here. As stated in 2A Sutherland, Statutory Construction (4th ed), § 47.03, pp 72, 73:

"The frequent judicial statement that the title is no part of the act is less a reason than the expression of a conclusion that the title may not be used as a means of creating an ambiguity when the body of the act itself is clear.

* * *

"[T]he interpretative function of titles is determined according to the following well-established rules: (1) The title cannot control the plain words of the statute. (2) In case of ambiguity the court may consider it to resolve uncertainty either by extending or restraining the purview of the act or for the correction of obvious errors."

The statute was also involved in the recent case of *People v DeClerk,* 58 Mich App 528; 228 NW2d 447 (1975), *aff'd,* 400 Mich 10; 252 NW2d 782 (1977). The Court there did not hold that scienter was an element of the offense, but rather that the people had failed to show that the defendant, a meat department manager, had himself or through his agent or servant done the short-weighing. Defendant here, however, is the owner of the market in question, and therefore impliedly would have to

have acted himself or by one of his employee-agents.

We note that similar "public welfare" statutes, making defendants liable for acts of their employee-agents, with or without the defendants' knowledge or intent, have long been recognized and upheld in Michigan. *People v Roby,* 52 Mich 577; 18 NW 365 (1884), *People v Longwell,* 120 Mich 311; 79 NW 484 (1899), *People v Damm,* 183 Mich 554; 149 NW 1002 (1914).

Affirmed.