PEOPLE v JASMAN

Docket No. 78-4485. Submitted June 12, 1979, at Lansing.—Decided August 21, 1979.

Lem K. Jasman, manager of a Speedway gasoline station in Washtenaw County, was convicted in district court of violating a provision of the Weights and Measures Act. At the time the violation occurred, the defendant was not present at the station. After the close of the people's proof the defendant moved for dismissal. This motion was denied. The defendant's conviction in district court was affirmed by the Washtenaw Circuit Court, Patrick J. Conlin, J. The defendant appeals, by leave granted, the order affirming the judgment of conviction, alleging that 1) the trial court should have granted the defendant's motion to dismiss the complaint made at the close of the people's proofs, 2) the people did not prove a violation of the Weights and Measures Act, and 3) the provision of the act under which the defendant was charged violates due process of the law. *Held:*

The provision of the Weights and Measures Act under which the defendant was charged does allow for the imposition of vicarious liability upon a showing of a violation of the act by an agent or servant of a defendant and a showing that the defendant either acted or failed to act when he was a person with the responsibility, and power commensurate with the responsibility, to devise whatever measures are necessary to ensure compliance with the statute. It may be assumed in this case that the prosecutor proved a violation of the act by some employee of the gas station. However, the prosecutor only showed that the defendant had the title of "station manager" but made no attempt to establish the responsibility or authority of the "station manager". This was an essential element of

REFERENCES FOR POINTS IN HEADNOTES
[1,3,4] 58 Am Jur 2d, Negligence § 456 *et seq.*
  73 Am Jur 2d, Statutes §§ 430, 431, 434.
[2] 75 Am Jur 2d, Trial §§ 483-485.
[4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 69.
[5] 58 Am Jur 2d, New Trial §§ 5, 214.

the prosecutor's proofs. Accordingly the defendant's motion to dismiss should have been granted.

A new trial may not be granted since the reversal is predicated on insufficiency of the evidence and a retrial would be a violation of the guarantee against double jeopardy.

Reversed.

1. WEIGHTS AND MEASURES — CRIMINAL LAW — WEIGHTS AND MEASURES ACT — VICARIOUS LIABILITY — STATUTES.

The Weights and Measures Act allows for the imposition of vicarious liability of a defendant upon a showing by the prosecution of a violation of the act by an agent or servant of the defendant and a showing that the defendant either acted or failed to act when he was a person with the responsibility and power commensurate with that responsibility to devise whatever measures are necessary to ensure compliance with the act (MCL 290.631[g]; MSA 12.1081[31][g]).

2. CRIMINAL LAW — TRIAL — DIRECTED VERDICT OF ACQUITTAL.

An appellate court tests the correctness of the denial of a motion made at the close of the prosecution's proofs for a directed verdict of acquittal by taking the evidence presented by the prosecution in the light most favorable to the prosecution, considering only the record as it existed when the motion was made.

3. CRIMINAL LAW — VICARIOUS LIABILITY — OWNER OF BUSINESS — AUTHORITY OF OWNER OF BUSINESS.

The owner of a business is presumed, as a matter of law, to have the authority to devise whatever measures are necessary to assure that the business operates in compliance with the law.

4. WEIGHTS AND MEASURES — CRIMINAL LAW — MOTION TO DISMISS — STATUTES.

A defendant's motion, in a prosecution under the Weights and Measures Act, to dismiss the complaint at the close of the prosecution's proofs should have been granted where the prosecution established that the defendant, who was not at the gas station in question when the violation allegedly occurred, was the station manager but made no attempt to establish the responsibility or authority of the station manager to avoid or correct·violations of the act (MCL 290.631; MSA 12.1081[31]).

5. APPEAL AND ERROR — CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY — INSUFFICIENCY OF EVIDENCE — NEW TRIAL.

A new trial may not be granted where the reversal of a defendant's conviction is predicated on the insufficiency of the evidence; in such instances, the guarantee against double jeopardy

precludes any remedy other than dismissal of the prosecution (US Const, Ams V, XIV).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Virginia M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Cole & Tamsen,* for defendant on appeal.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

D. E. HOLBROOK, J. Defendant appeals by leave granted from a September 26, 1978, order of the Washtenaw County Circuit Court, affirming a judgment of conviction rendered in the 14th District Court adjudging defendant guilty of violating § 31(g) of the Weights and Measures Act, MCL 290.631(g); MSA 12.1081(31)(g).

The proofs presented by the prosecutor established that on February 7, 1978, two officers of the Washtenaw County Weights and Measures Department went to the Speedway gasoline station located at 5 South Fletcher Road, Lima Township, Washtenaw County. The officers went to the station in response to a complaint. This station was owned and operated by the Speedway Oil Company, Inc. Defendant Lem K. Jasman was the station manager.

The officers viewed one of the diesel fuel pumps and observed that the motor was running and the nozzle had not been returned to the housing. The pump showed a sale of $5.01. Plaintiff claimed that with the pump in that condition another sale could be made without zeroing the meter, which would result in an overcharge of $5.01 to the next customer, the amount registered on the pump.

Mr. Benns, one of the officers, spoke with Carl

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Cherry, who identified himself as shift manager. Cherry stated that defendant was station manager, although defendant was not present. The subject pump was then tagged and photographed.

A warrant was issued on February 9, 1978, charging defendant with violating § 31(g) of the Weights and Measures Act, as follows:

"That defendant did fail to activate zero set back interlock after each delivery to a customer contrary to MSA 12.1081(31)(g)."

Trial was held on March 27, 1978, and at the close of the people's proofs, defendant moved for dismissal, which was denied.

Defendant presents three issues for review, as follows:

I. *Should the lower court have granted defendant's motion to dismiss the complaint made at the close of the people's proof?*

II. *Did the people prove a violation of § 31(g) of the Weights and Measures Act?*

III. *Does § 31(g) of the Weights and Measures Act violate appellant's constitutional right to due process of law?*

The Weights and Measures Act allows for the imposition of vicarious criminal liability upon a showing of a violation of the act by an agent or servant of the defendant and a showing that the defendant either acted or failed to act when he was a person "'with the responsibility, and power commensurate with that responsibility, to devise whatever measures are necessary to ensure compliance with'" the statute. *People v DeClerk,* 400 Mich 10, 23; 252 NW2d 782 (1977). In adjudicating the propriety of the trial court's ruling on defendant's motion to dismiss, this Court may look only

to the evidence presented by the prosecutor in his case in chief. *People v DeClerk, supra,* 400 Mich at 18, overruling *People v Barlow,* 134 Mich 394; 96 NW 482 (1903).

In this case we may assume that the prosecutor proved a violation of § 31(g) by some employee of the gas station, although this is far from clear. Section 31(g) declares it to be a misdemeanor for any person to "offer or expose for sale, or sell a commodity, thing, or service in a condition or manner contrary to law". While the diesel pump may constitute an offer or exposure of diesel fuel for sale, the question is whether failing to zero the meter was an act or failure to act "contrary to law". To determine this, one would have to look elsewhere and find another legal requirement, perhaps a regulation prohibiting such conduct. See MCL 290.623; MSA 12.1081(23).

However, even if we assumed a violation of the act, there was no proof that defendant was a person possessed "with the responsibility to devise whatever measures are necessary to ensure compliance with" the statute. The prosecutor established only defendant's title, that of "station manager".

The owner of a business is presumed, as a matter of law, to have such authority. *People v Jabora,* 76 Mich App 8; 258 NW2d 60 (1977), *People v Roby,* 52 Mich 577; 18 NW 365 (1884), *People v Longwell,* 120 Mich 311; 79 NW 484 (1899), *People v Damm,* 183 Mich 554; 149 NW 1002 (1914). However, we must deal in this case with a corporation, Speedway Oil Company, Inc., the owner of the station in question. Although by law a corporation must have officers consisting at a minimum of president, secretary and treasurer, MCL 450.1531; MSA 21.200(531), the duties of such officers are

only those delegated by the board of directors. There is no presumption that the corporation president has any particular power to act on behalf of the corporation. *Vogt v General Necessities Corp,* 262 Mich 409; 247 NW 707 (1933), *Wray v Tilden Saw Co,* 198 Mich 461; 164 NW 545 (1917). The power or responsibility of a corporate officer can be established either by proof of express authorization from the board of directors, *W F Sheetz & Co, v Commonwealth Commercial State Bank,* 282 Mich 96; 275 NW 781 (1937), or by circumstantial evidence as to the manner in which the business has operated in the past. See *Shavalier v Grand Rapids Bark & Lumber Co,* 128 Mich 230; 87 NW 212 (1901), *In Re Seymour,* 83 Mich 496; 47 NW 321 (1890).

In *People v DeClerk, supra,* the prosecutor established that the defendant in a short weighing case was the "meat manager" or "master butcher", and the Supreme Court declared this evidence, reviewed in a light most favorable to the prosecutor, insufficient to establish a sufficient factual basis from which one could infer all of the elements of the crime:

"The prosecution's case consisted of no evidence of the duties, responsibilities or authority of a "master butcher" in the business structure. The prosecution's proofs contain no facts from which we might reasonably infer a responsibility and power on the part of the defendant to avoid or correct violations of the statute. Because we must confine our inquiry to the prosecutor's proofs we do not consider the effect of the defendant's case on the existence of the elements of the crime." 400 Mich 24.

In the instant case, the prosecutor made no attempt to establish the responsibility or authority of the "station manager". This was an essential

element of the prosecutor's proofs. *People v De-Clerk, supra.* Accordingly, defendant's motion to dismisss should have been granted. A new trial may not be granted where, as here, reversal is predicated on the insufficiency of the evidence; the double jeopardy clause of the Fifth Amendment, applicable to the states by virtue of the Fourteenth Amendment, precludes any remedy other than dismissal of the prosecution. *Burks v United States,* 437 US 1; 98 S Ct 2141; 57 L Ed 2d 1 (1978).

In view of our decision herein we need not decide the constitutional issue raised by defendant.

Reversed.